**Joseph AMRINE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 71826.**

Supreme Court of Missouri,
En Banc.

March 13, 1990.

Rehearing Denied April 17, 1990.

David S. Durbin, Appellate Defender, Appellate/Postconviction Division Western District, Office of the State Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., Stewart M. Freilich, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

Joseph Amrine was convicted of murder in the first degree for killing a fellow prison inmate and sentenced to death. His conviction was affirmed in *State v. Amrine*, 741 S.W.2d 665 (Mo. banc 1987), *cert. denied*, 486 U.S. 1017, 108 S.Ct. 1756, 100 L.Ed.2d 218 (1988). He filed a motion for post conviction relief under *Rule 19.15*, seeking to vacate his sentence. The trial court held an evidentiary hearing, made and entered findings of fact and conclusions of law, and entered judgment adverse to movant. Affirmed.

Amrine filed a *pro se* motion for relief under *Rule 29.15*. Pursuant to *Rule 29.-15(e)*, the trial court appointed counsel for movant and within the thirty day provision of *Rule 29.15(f)*, counsel requested additional time for the filing of an amended motion. On August 5, 1988, the motion court entered an order granting movant an additional 30 days extending the time for filing until September 4, 1988. Movant's counsel then filed on September 2, 1988 an amended motion.

■ On January 5, 1989, movant filed, *pro se*, an untimely motion entitled, "Petitioner's First Addendum", attempting to add additional grounds for relief. Movant's hearing was conducted on February 16, 1989. On that date, movant's counsel attempted to add further grounds by filing a motion entitled, "Movant's Second Amended Motion". The trial court's findings, conclusion and order denying relief was entered May 3, 1989.

*Rule 29.15(f)* states, in part:

Any amended motion ... *shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed.* The court may extend the time for filing the amended motion *for one additional period not to exceed thirty days....*

The time limitations of *Rule 29.15* are valid and mandatory. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989); *Sloan v. State*, 779 S.W.2d 580, 581–82 (Mo. banc 1989). These requirements "place an increased responsibility on the *movant*, his *counsel* and the *courts* to promptly litigate claims." *Sloan*, 779 S.W.2d at 581.

The motion entitled "Petitioner's First Addendum" was not timely, nor was the "Second Amended Motion". The trial court was without authority to give additional time beyond that provided by the rule. *Sloan*, 779 S.W.2d at 582. Thus, the additional grounds alleged in the untimely motions were procedurally waived. *Rule 29.-15(d)*.

■ Review of the trial court's ruling on a *29.15* claim is limited to a determination of whether the findings and conclusions are clearly erroneous. *Rule 29.15(j)*. Such findings and conclusions will be found to be clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987).

■ The majority of movant's allegations are grounded on claims of ineffective

assistance of his trial counsel. In order to prevail on a such a claim, a criminal defendant must prove both prongs of the *Strickland* test. First, defendant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and second, defendant must show that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); *Sanders*, 738 S.W.2d at 857. Movant must prove his allegations by a preponderance of the evidence, and further, the Court begins with the presumption that counsel is competent. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. Consequently, movant is faced with what has been termed a "heavy burden." *Sanders*, 738 S.W.2d at 857.

■ Movant's first claim of ineffective assistance is that counsel was ineffective in failing to investigate the statements of Terry Russell. At trial, Russell testified that at the time of the attack, he was talking with an inmate named Harry Heard. Movant has attempted to show that Russell, one of the state's witnesses, testified falsely. At the post-conviction hearing, movant put on evidence as to the cell location of an inmate named Johnny Hurd; no evidence was presented as to the cell location of Harry Heard nor was any evidence introduced to indicate that "Harry Heard" and "Johnny Hurd" were the same individual. The motion court held counsel was not ineffective in failing to investigate, as any evidence of the cell location of Johnny Hurd would have been both inadmissible and irrelevant. Movant has failed to demonstrate that the decision was clearly erroneous.

Movant next attacks the effectiveness of his counsel for failure to call any defense witnesses, other than movant, during the penalty phase of the trial. At his post-conviction hearing, movant put on evidence that several family members as well as a member of the prison staff would have been willing to testify on his behalf. Movant argues that as these witness were not contacted, interviewed or called, his counsel was ineffective.

■ There is no absolute duty to present mitigating character evidence in the penalty phase of trial. *Jones v. State*, 767 S.W.2d 41, 43 (Mo. banc 1989). Counsel does have a duty to make a reasonable investigation of possible mitigating evidence or to make a reasonable decision that such an investigation is unnecessary. *Jones*, 767 S.W.2d at 43.

■ At trial, movant testified that he did not wish to have correction officials testify, because of his damaging institutional record. Further, family witnesses would have only been able to ask for sympathy, as there had been little or no contact between the family and movant since his incarceration in 1977. Members of the family had no knowledge of how the murder occurred nor of movant's institutional record. The motion court found that counsel was not ineffective in failing to call the correction officer or members of movant's family. This finding is not clearly erroneous.

Movant contends his counsel was ineffective in failing to adequately cross-examine witness Randy Ferguson. Ferguson testified at trial as a witness for the state. It is undisputed that he did not implicate movant until shortly before trial. At trial, Ferguson explained that he did not come forward earlier because he was subject to threats. Movant alleges that an adequate cross-examination would have shown Ferguson was housed outside the Missouri State Penitentiary and therefore not subject to threats. However, the motion court determined that Ferguson was in fact housed inside the penitentiary and ruled against movant. Movant has failed to show this finding was clearly erroneous.

Movant next alleges counsel was ineffective in failing to adequately investigate the state's claim that movant had stabbed inmate Willie Dixon. At the post-conviction hearing, the only evidence submitted on the issue was testimony by Dixon that he did not know who had stabbed him. The motion court held that such evidence would not have benefited movant. Therefore,

movant has failed to satisfy the second prong of *Strickland's* ineffective assistance of counsel test. He has not demonstrated a reasonable probability that but for Dixon's testimony the result of the trial would have been different. *Strickland,* 466 U.S. at 691, 104 S.Ct. at 2066. Movant has failed to show that the motion court was clearly erroneous.

Movant contends his counsel was ineffective because the state allegedly destroyed blood stain evidence found on movant's pants. He argues counsel should have arranged for additional tests to be conducted on the stains. However, movant did not offer any evidence to indicate that the stained clothing was available for further examination and the state put on evidence that no further tests were possible. Counsel cannot be ineffective in failing to arrange for tests that were impossible to perform. *Strickland,* 466 U.S. at 687, 104 S.Ct. at 2064.

■ Movant next contends that his counsel was ineffective in that counsel and an attorney who represented one of the state's witnesses were from the same public defender's office. Movant contends that this alleged conflict of interest creates a presumption of prejudice. The United States Supreme Court has directly addressed this issue. In *Strickland v. Washington,* 466 U.S. at 692, 104 S.Ct. at 2067, the court stated, "prejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interest' and that 'an actual conflict of interest adversely affected his lawyer's performance.'" [Citations omitted.] Here, movant has failed to show counsel actively represented conflicting interest nor has movant shown any adverse affects in his attorney's performance. The point is denied.

■ Movant alleges that his counsel was ineffective in failing to tender *MAI–CR 2d 3.56* on the impeaching value of felony convictions. At the hearing for post-conviction relief, movant alleged counsel should have tendered *MAI–CR 2d 3.58* and *MAI–CR 2d 3.60,* but movant did not raise the question of *MAI–CR 2d 3.56.* Claims which were not presented to the motion court cannot be raised for the first time on appeal. *Grubbs v. State,* 760 S.W.2d 115, 120 (Mo. banc 1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 2111, 104 L.Ed.2d 672 (1989).

Movant raises three grounds which are not based upon ineffective assistance of counsel, but on the alleged procedural error of the motion court. First, movant alleges that the motion court failed to issue findings of fact and conclusions of law on all issues presented to it, as is required by *Rule 29.15(i).* Movant states that the court did not address the issue of counsel's failure to adequately cross-examine witness Jerry Poe as to his background. In "Conclusions of Law" number 17, the motion court held, "Movant contends that trial counsel was ineffective in failing to investigate witness Poe. No evidence was presented at this hearing concerning Poe. This issue is decided against Movant." The motion court clearly ruled the issue.

■ Second, movant raises the issue of an inconsistency in the motions court's conclusions of law on the issue of whether the prosecutor knowingly destroyed evidence. In its findings of fact, the court found that there was no evidence to support movant's claim. However, in one of the conclusions of law, the court held that movant's claim that he had been denied the right to a fair trial *had been proven,* but, the court proceeded to rule against movant on the issue. The motion court's findings of fact and conclusions of law will be deemed sufficient so long as they are adequate to permit appellate review. *Naden v. State,* 773 S.W.2d 906, 907 (Mo.App.1989). Obviously, the word "not" was inadvertently omitted. However, it is not necessary to remand the decision to the motion court. From the court's findings of fact and from the decision reached on the issue, the court's intent can be determined. The point is denied.

■ Next, movant alleges error in the motion court for refusing to consider an offer of proof from a juror. The offer was made to show that an allegedly improper argument made by the prosecutor affected the vote of the juror. Missouri law has long held that a juror may not impeach the

jury's verdict after it is rendered. *State v. Blaylock,* 705 S.W.2d 30, 36 (Mo.App.1985). The point is denied.

 Movant attempts to raise three issues which were decided upon direct appeal. First, whether it was proper for movant to have been shackled and restrained during the trial. Second, whether it was proper to allow the warden of the prison to testify as to the deterrent effect of the death penalty. Third, a complaint regarding a converse instruction. Issues decided upon direct appeal cannot be relitigated on a theory of ineffective assistance of counsel in a post-conviction proceeding. *O'Neal v. State,* 766 S.W.2d 91, 92 (Mo. banc 1989).

 Similarly, movant attempts to raise several issues that should have been addressed in the direct appeal of his conviction. First, movant argues that the seating arrangement of the venire panel violated his right to a fair cross-section of the community. Second, movant contends an argument by the prosecutor as to the credibility of movant's witnesses was improper. Movant further alleges that a reference by one of the state's witnesses to a polygraph examination was prejudicial. Lastly, movant argues that the requirement that defense witnesses, who were inmates, wear leg shackles and handcuffs during testimony created an inference of dangerousness and therefore impinged their credibility. These points are issues of trial error and are not cognizable in a post-conviction proceeding unless exceptional circumstances are shown justifying the failure to raise the issues on direct appeal. *Rainwater v. State,* 770 S.W.2d 368, 371 (Mo.App.1989). No such circumstances have been shown.

The movant's remaining timely points have been carefully reviewed and the Court is of the opinion that the motion court's findings and conclusions are not clearly erroneous. Non-timely grounds are deemed waived and procedurally barred.

Judgment affirmed.

All concur.