Dennis J. YOAKUM, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 45872.

Missouri Court of Appeals,
Western District.

March 23, 1993.

Gary E. Brotherton, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before BRECKENRIDGE, P.J. and SHANGLER and SPINDEN, JJ.

BRECKENRIDGE, Presiding Judge.

Dennis J. Yoakum (Yoakum) appeals the trial court's denial of his Rule 24.035 motion. Yoakum pleaded guilty to stealing property over $150 and was sentenced to ten years imprisonment. Yoakum raises two points on appeal. Yoakum alleges that the motion court erred in denying his Rule 24.035 motion because he was denied effective assistance of counsel due to 1) the failure of guilty plea counsel to investigate and prepare Yoakum's case for trial, forcing Yoakum to accept the State's plea of-

fer; and 2) the conflict of interest created by Yoakum's original attorney when the attorney withdrew from appellant's case and then assisted in representing Yoakum's co-defendants.

The judgment is affirmed.

Yoakum was charged with stealing property valued at more than $150 pursuant to § 570.030, RSMo 1986. He was also charged as a prior and persistent offender under § 558.016, RSMo Cum.Supp.1992, with a maximum term of imprisonment of 20 years authorized. Yoakum pleaded guilty on May 20, 1991 to the charge of felony stealing as a persistent offender. Pursuant to a plea agreement, Yoakum was sentenced to ten years imprisonment. From the original appointment of counsel to his sentencing, Yoakum was represented by four different attorneys. Initially, Yoakum was represented by public defender T. Dale Nicklas (Nicklas) who withdrew from representing Yoakum approximately three months before Yoakum entered his guilty plea. Nicklas withdrew because he transferred from the Chillicothe Public Defender Office to the Liberty Public Defender Office. Thereafter, two other public defenders represented Yoakum. Yoakum then retained private counsel, Lester E. Adams (Adams), to represent him.

The case was set for trial on May 6, 1991. On April 25, 1991, Adams entered his appearance as counsel for Yoakum and moved for a continuance of the trial setting. On April 29th, the public defender office was permitted to withdraw and the public defender delivered Yoakum's file to Adams. The court sustained Yoakum's motion for continuance and reset the case for trial on May 20, 1991. On the date of trial, the State and Yoakum announced that they were ready to proceed. After the court held a hearing and found Yoakum to be a persistent offender, the parties advised the court that Yoakum would enter a plea of guilty under a plea agreement rather than proceed to trial.

The court examined Yoakum, before accepting his guilty plea, as to the basis and voluntariness of the plea. The court explained to Yoakum the constitutional rights he would be waiving by pleading guilty.

Yoakum stated that he understood those rights and had consulted with his attorney. Yoakum recounted the events that gave rise to the charge against him and advised the court that he was pleading guilty because he was in fact guilty. He also indicated that he had sufficient time to consult with counsel prior to pleading guilty and that his plea was not the result of force or threat. Yoakum stated that he was satisfied with Adams' representation. Later at his sentencing, Yoakum expressed dissatisfaction with Nicklas and complained that Adams did not have sufficient time to prepare for trial. Yoakum stated that Adams did as much as he could within the time available.

Yoakum filed a *pro se* Rule 24.035 motion on August 15, 1991. On October 15, 1991, Yoakum filed an amended motion alleging the two points he now raises on appeal. The motion court held an evidentiary hearing on December 13, 1991 and entered its order on January 6, 1992. The court found that Yoakum failed to prove his claim of ineffective assistance of counsel and that his guilty plea was voluntarily and intelligently entered.

 The appellate court, on appeal of the denial of a Rule 24.035 motion, is limited to a determination of whether the motion court's findings and conclusions are clearly erroneous. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991). The findings and conclusions of the motion court are clearly erroneous only if, after reviewing the entire record, the court is left with the definite impression that the motion court made a mistake. *Id.* Movant faces a heavy burden in establishing a claim for ineffective assistance of counsel. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). Not only must the defendant prove his or her allegations by a preponderance of the evidence, but the defendant must overcome the court's presumption that counsel is competent. *Amrine v. State*, 785 S.W.2d 531, 534 (Mo. banc 1990).

 The United States Supreme Court set forth the following two-pronged test in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674

(1984), for establishment of claims of ineffective assistance of counsel: 1) defendant must prove that his or her attorney failed to exercise the skill and diligence that a reasonably competent attorney would have exercised in a similar situation; and 2) defendant must show that the attorney's failure to act in a reasonably competent manner prejudiced the defendant. A criminal defendant must prove both prongs of the *Strickland* test to prevail. *Amrine*, 785 S.W.2d at 534. Movant will not prevail simply by showing that counsel has erred in a professionally unreasonable manner. *Strickland*, 104 S.Ct. at 2066. Movant must demonstrate that, but for the professionally unreasonable conduct of counsel, there is a reasonable probability that the outcome of the proceeding would have been different. *Id.* at 2068.

The United States Supreme Court held in *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985), that the *Strickland* test applies to guilty plea challenges based on ineffective assistance of counsel. To satisfy the prejudice requirement of the second prong, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* 106 S.Ct. at 370.

Yoakum argues in Point I that the motion court clearly erred in denying his Rule 24.035 motion because Yoakum was denied effective assistance of counsel by the failure of Yoakum's guilty plea counsel, Adams, to investigate and prepare Yoakum's case for trial which resulted in Yoakum's entry of an involuntary, unknowing and unintelligent guilty plea in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, § 18(a) of the Missouri Constitution. Yoakum argues that because Adams failed to investigate and prepare his case for trial, he was forced to accept the State's plea offer on the day of trial. Yoakum asserts that Adams did not contact the State's witnesses and failed to advise Yoakum of the punishment possibilities he faced as a persistent offender. Yoakum contends that such ineffective assistance of counsel rendered his guilty plea involuntary and unintelligent.

By entering a guilty plea, the defendant generally waives any future complaints he or she might have regarding trial counsel's failure to investigate. *Fox v. State*, 819 S.W.2d 64, 66 (Mo.App.1991). Claims of ineffectiveness of counsel are only relevant in regard to the voluntariness of the guilty plea. *State v. Rahberger*, 747 S.W.2d 724, 725 (Mo.App.1988). To succeed on an ineffective assistance of counsel claim based on inadequate investigation, movant must specifically describe the information the attorney failed to discover, allege that a reasonable investigation would have resulted in the discovery of such information and prove that the information would have aided or improved movant's position. *Fox*, 819 S.W.2d at 66. Only in rare cases does a court find counsel's failure to interview witnesses to be sufficient to support a claim of ineffective assistance of counsel. *Sanders v. State*, 738 S.W.2d at 858.

Yoakum's primary concern prior to trial was whether the co-defendants, being his friends, would be willing to testify against him. Yoakum and Adams concluded that the co-defendants' presence at the courthouse on the date of the trial meant that the witnesses would present testimony detrimental to Yoakum. Upon a belief that Yoakum's co-defendants, as witnesses for the prosecution, would have presented testimony sufficient to convict him and desirous of avoiding the maximum range of punishment, Yoakum decided to plead guilty.

At the hearing on his post-conviction motion, Yoakum proved that prior to trial Adams failed to interview his co-defendants to discover what trial testimony could be expected from the co-defendants. Yoakum did not allege or prove, however, what specific information Adams could have discovered if he had interviewed the co-defendants or conducted additional investigation. It is the movant's responsibility to prove that a more extensive investigation would have produced evidence to improve movant's trial position. *Stuckey v.*

*State,* 756 S.W.2d 587, 592 (Mo.App.1988). There is no basis on which to conclude that further investigation would have resulted in Yoakum choosing to proceed to trial instead of pleading guilty.

■ Yoakum also argues that by failing to request additional time to properly prepare and investigate Yoakum's case, Adams did not provide effective assistance of counsel. Even if Adams should have sought a continuance under the "reasonably competent attorney" standard of the first prong of the *Strickland* test, Yoakum has failed to prove, under the second prong of the test, that he was prejudiced by Adams' failure to do so. Yoakum fails to allege specific facts as to what might have occurred or been discovered if Adams had sought and received a second continuance. To prove prejudice, the movant must demonstrate that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 106 S.Ct. at 370.

■ Yoakum also contends under Point I that he received ineffective assistance of counsel because Adams failed to advise him of the range of punishment he faced as a persistent offender. Yoakum did not raise this issue in either his *pro se* motion or his amended Rule 24.035 motion. Grounds for relief not listed in the post-conviction motion are waived. Rule 24.035(d). *See also Rohwer v. State,* 791 S.W.2d 741 (Mo.App. 1990). Point I is denied.

In Point II, Yoakum asserts that the motion court clearly erred in denying his Rule 24.035 motion because he was denied effective assistance of counsel by Nicklas' creation of a conflict of interest when Nicklas withdrew from Yoakum's case and subsequently assisted in representing Yoakum's co-defendants which rendered Yoakum's guilty plea unknowing, unintelligent and involuntary. Yoakum argues that if Nicklas had not assisted in representing appellant's co-defendants, they might not have been available to testify against Yoakum and he would not have pled guilty.

■ Ineffective assistance of counsel claims based on a conflict of interest are evaluated using the same basic theory as the *Strickland* test; however, due to the unique nature of such claims, the Court in *Strickland* recognized application of the standard set forth in *Cuyler v. Sullivan,* 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), for examining conflict of interest claims. *Strickland,* 104 S.Ct. at 2067. To establish a denial of the right to effective assistance of counsel on the basis of a conflict of interest, the movant must prove that counsel actively represented conflicting interests and that an actual conflict of interest adversely affected counsel's representation of movant. *Id.; Amrine,* 785 S.W.2d at 535. The United States Supreme Court, in *Cuyler,* 100 S.Ct. at 1719, said that prejudice is presumed if a conflict of interest affected the adequacy of the counsel's representation. To prove an actual conflict of interest, movant must show that something was done by counsel in trial, or something was foregone by counsel and lost to the movant, which was detrimental to the movant's interests and advantageous to a person whose interests conflict with movant's. *State v. Johnson,* 549 S.W.2d 348, 350 (Mo.App.1977).

■ Yoakum argues that an actual conflict of interest arose when Nicklas became involved in the representation of his co-defendants, Cox and Wickwire. Yoakum asserts that after representing him for three months, Nicklas transferred to the Liberty Public Defender Office and engaged in discussions with the prosecuting attorney regarding the co-defendants' testimony against Yoakum. Yoakum contends that if Nicklas had not been involved in the case, the co-defendants would not have been available to testify against him. Yoakum also contends that it was only upon their appearance in court to testify that he decided to accept the State's plea offer.

Yoakum and all co-defendants were charged in Daviess County and referred to the Chillicothe Public Defender Office. Yoakum's case was the first case referred and Nicklas was assigned to represent him. Two co-defendants, Cox and Wickwire, were later referred. Thereafter, the prosecuting attorney advised Nicklas that he was considering offering Cox and Wickwire a favorable disposition. Since Nicklas per-

ceived that there was the potential for a conflict of interest, he requested that the State office reassign the case to another office. The cases of Cox and Wickwire were transferred to the Liberty Public Defender Office.

Nicklas, upon his transfer to the Liberty Public Defender Office, was not assigned the cases of Cox and Wickwire and he was not the attorney of record on those cases. He alerted his supervisor to his prior involvement with Yoakum and informed her that he did not believe he should participate in the representation of Cox and Wickwire. Thereafter, when the attorney of record for Cox and Wickwire could not attend a court hearing, Nicklas made a telephone call to the prosecuting attorney and the judge to request a continuance. During the conversation with the prosecuting attorney, the prosecuting attorney advised Nicklas that he was dismissing the stealing charges against Cox and Wickwire due to a lack of evidence, but that he would proceed with a littering charge and a marijuana charge, one against Cox and the other against Wickwire. Nicklas recorded the statements of the prosecuting attorney on the case file activity logs and returned the files to the attorney of record. He assumes that the attorney later verified the notes with him verbally. Nicklas had a second conversation with the prosecuting attorney about Cox and Wickwire when the prosecuting attorney called and advised him that Cox and Wickwire did not need to attend a court hearing if they would be willing to pick up subpoenas for Yoakum's trial at the public defender office rather than require service.

Nicklas testified he had two conversations with the co-defendants, Cox and Wickwire, concerning the matters involved in the Yoakum case. Prior to calling the prosecuting attorney to request a continuance, Nicklas called the co-defendants about the continuance. They told Nicklas at that time that they could not offer any incriminating testimony against a fourth co-defendant, Copelin. Nicklas relayed that information to the prosecuting attorney during the conversation about the continuance. When Nicklas had the second conversation with the prosecuting attorney

about subpoenas, he called Cox and Wickwire to advise them that they would not need to go to the hearing if they would come into the public defender office to be served subpoenas and they agreed to do that. Nicklas did not enter into plea negotiations with the prosecuting attorney regarding the co-defendants' cases. He testified that he did not pass any information obtained from his representation of Yoakum along to Cox, Wickwire or their attorney. There was never a plea bargain between the State and Cox or Wickwire which required testimony in the case against Mr. Yoakum.

■■■ Yoakum is entitled to relief if he demonstrates the existence of an actual conflict of interest which adversely affected his interests. *Strickland,* 104 S.Ct. at 2067. It is well established that representation of multiple defendants is not a per se violation of the constitutional right to effective assistance of counsel and, therefore, does not create an actual conflict of interest. *Holloway v. Arkansas,* 435 U.S. 475, 482, 98 S.Ct. 1173, 1178, 55 L.Ed.2d 426 (1978); *State v. Murphy,* 693 S.W.2d 255, 261 (Mo.App.1985). Yoakum must prove that Nicklas actively represented a conflicting interest resulting in detriment to Yoakum. *Amrine,* 785 S.W.2d at 535.

Yoakum fails to prove that Nicklas' actions were detrimental to him and advantageous to Cox and Wickwire. *Johnson,* 549 S.W.2d at 350. Although Yoakum claims that if Nicklas had not been involved in the case, Cox and Wickwire would not have been available to testify against him, Yoakum presented no evidence to substantiate this claim. He also claims that Nicklas violated Yoakum's attorney-client privilege by providing confidential information to aid the representation of Cox and Wickwire, yet, presents no evidence of such. Cox and Wickwire did not plea bargain for advantageous treatment on their own criminal charges in exchange for their testimony against Yoakum. Nor was there evidence as to what testimony Cox and Wickwire intended to give at trial and whether it was detrimental to Yoakum. As a result, Yoakum has not established that Nicklas's ac-

tions were detrimental to him and advantageous to Cox and Wickwire. Yoakum's failure to prove that his interests were adversely affected by Nicklas's conduct defeats his claim for ineffective assistance of counsel. Point II is denied.

The judgment is affirmed.

All concur.