Corey WESTFALL, Appellant,

v.

STATE of Missouri, Respondent.

No. 67842.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 16, 1996.

Motion for Rehearing and/or Transfer to Supreme Court Denied Feb. 20, 1996.

Application to Transfer Denied
March 26, 1996.

Dave Hemingway, Asst. Public Defender, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary Moulton Bryan, Asst. Atty. Gen., Jefferson City, for respondent.

Before REINHARD, P.J., and CRANDALL and KAROHL, JJ.

*ORDER*

PER CURIAM.

On May 26, 1994, movant, Westfall, pled guilty to eleven robbery first degree charges and eleven, related armed criminal action charges. These charges were brought in seven separate indictments. They involve crimes committed between August 4, 1993, and October 28, 1993, at seven widely disbursed locations. Some were committed alone, some with a woman, and some with more than one assistant. In every case robbery was accomplished by use of a gun. Movant gave police confessions involving the crimes, a fact mentioned at the plea of guilty hearing. Movant appeals denial of Rule 24.035 relief without an evidentiary hearing.

■ Two assignments of ineffective assistance of counsel relate to movant's mental ability to accept a plea bargain and enter knowing and voluntary guilty pleas to the charges. He alleges his attorney was ineffective for failure to request a § 552.020 RSMo1986 mental evaluation and the inquiry at the plea hearing failed to establish he was drug free during the plea proceeding. These assignments are rejected for the following reasons. First, the guilty plea proceedings were complex. They involved pleas to charges of crimes committed over a period of time at numerous locations and involving different persons. The process also included the usual litany of questions regarding an understanding of rights. Movant was not only responsive on all questions but posed his own meaningful questions. On one occasion he asked the court the meaning of its question, and on another he indicated he was not sufficiently familiar with the law "so [he] really couldn't say" whether his lawyer had done a good job for him in these cases. His performance demonstrated his mental capacity was sufficient to understand the proceedings. He acknowledged his attorney neither failed nor refused to do anything asked of her.

Section 552.020 RSMo1986 provides for an examination if either the defendant, the state, or the court has reasonable cause to believe a defendant lacks the capacity to understand the proceedings and assist in the defense. The plea record we have reviewed and described is sufficient to support a finding that the defendant had no mental disease or defect which could be addressed by this section.

Second, the court asked movant whether he used drugs and whether he had *any* drugs in the last ten days. He acknowledged that he used drugs but denied that he had used *any* drugs in the last ten days. Movant argues the motion court could not exclude the possibility that the guilty pleas were not informed, intelligent and voluntary because movant was under prescriptive drugs or medication at the time of the pleas. Defendant denied the use of drugs and exhibited a clear understanding of the proceeding. Points denied.

■ The last assignment of ineffective assistance alleges trial counsel failed to file motions to suppress evidence, particularly defendant's confessions. He supports this claim by an assertion that the record is silent as to the amount of investigation done by counsel. He notes that the motion court found movant had "failed to prove his assertions" which cannot be accepted because the court denied a hearing and an opportunity to prove the charges. Movant also contends the court's findings that his trial attorney read the police reports are entirely unsupported by the record. We agree there was no evidentiary support for the finding trial counsel read the police reports and rejection of the motion for failure of proof is inappropriate where no evidentiary hearing was provided. However, we find no merit in the assignment of error.

■ The amended Rule 24.035 motion alleges trial counsel could have obtained a suppression order of defendant's statements "on the grounds that movant was under the influence of alcohol, LSD, marijuana and percodan at the time of his statement to the police." He also alleges he was arrested "without a warrant of probable cause." On these issues the nature and extent of defense counsel's investigation in the context of whether the guilty pleas were voluntary is not decisive. Movant did not allege defense counsel's investigation, if adequate, would have supported a motion to suppress or that he pled guilty solely because his statements were not subject to suppression. This ignores the eyewitness testimony and physical evidence of guilt. A guilty plea generally constitutes a waiver of any claim concerning an allegation of failure to investigate. *Yoakum v. State,* 849 S.W.2d 685, 688 (Mo.App. W.D.1993).

In accord with the appropriate standard of review noted in Rule 24.035(j) and *State v. Blankenship,* 830 S.W.2d 1, 16 (Mo. banc 1992), we affirm.