**Christian G. EBERSPACHER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 51612.**

Missouri Court of Appeals,
Western District.

Feb. 13, 1996.

Emmett D. Queener, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kurt U. Schaefer, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, C.J., P.J., and LOWENSTEIN and HANNA, JJ.

FENNER, Chief Judge.

On May 6, 1994, Christian Eberspacher was charged by information with three counts of rape, § 566.030, RSMo 1994. On July 14, 1994, he entered a plea of not guilty and not guilty by reason of mental disease or defect, and a mental examination was ordered. The mental examination report was filed with the trial court on September 1, 1994.

On October 21, 1994, the trial court determined from the report that Eberspacher did not have a mental disease or defect and declared him competent to proceed. Eberspacher withdrew his previous plea and en-

tered a plea of guilty to one count of rape.[1] On November 16, 1994, the court sentenced him to life imprisonment.

On January 9, 1995, Eberspacher filed a *pro se* Rule 24.035 motion for post-conviction relief. An amended motion was filed on his behalf by appointed counsel alleging that trial counsel was ineffective. The motion court denied Eberspacher's motion for post-conviction relief without an evidentiary hearing on July 25, 1995, and this appeal followed.

In his sole point on appeal, Eberspacher claims that the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing. He contends that his counsel was ineffective in failing to investigate witnesses in preparation for his defense.

■ Appellate review of a motion court's denial of a Rule 24.035 motion is limited to a determination of whether the findings of fact and conclusions of law of the court were clearly erroneous. *Yoakum v. State*, 849 S.W.2d 685, 687 (Mo.App.1993); Rule 24.035(j). The motion court's findings and conclusions will be deemed clearly erroneous only if a review of the entire record leaves the reviewing court with a firm and definite impression that a mistake has been made. *Id.*

■ To establish an ineffective assistance of counsel claim, a convicted defendant must show that (1) his attorney's performance was deficient in that he failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). For a defendant convicted as a result of a guilty plea to satisfy the prejudice requirement, he must prove that, but for the errors of counsel, he would not have pleaded guilty and would have demanded a trial. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). When a conviction results from a plea of guilty, any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which the plea was made. *Hagan v. State*, 836 S.W.2d 459, 463 (Mo. banc 1992).

■ Generally, the entry of a plea of guilty waives any future complaints a defendant may have regarding counsel's failure to investigate. *Yoakum*, 849 S.W.2d at 688. To prevail on a claim of ineffective assistance of counsel for failure to investigate, a defendant must specifically describe the information counsel failed to discover, allege that a reasonable investigation would have lead to the discovery of the information, and prove that the information would have aided his defense. *Id.* A defendant who repeatedly assures the court at his guilty plea and sentencing hearings that he is satisfied with his counsel's performance is barred from obtaining post-conviction relief based on ineffective assistance of counsel. *Hamilton v. State*, 865 S.W.2d 374, 375 (Mo.App.1993). Furthermore, if the ineffective assistance of counsel claim is refuted by the record, the defendant is not entitled to an evidentiary hearing on his postconviction motion. *Id.*

■ In this case, the record clearly indicates that Eberspacher's plea was knowingly and voluntarily made. His own testimony refutes his claim of ineffective assistance of counsel. At the sentencing hearing, Eberspacher testified that he was satisfied with his counsel's performance and that she had done everything he had asked her to do. At the plea hearing, Eberspacher testified that he agreed with the result of the mental examination and desired to withdraw his previous plea and enter a plea of guilt to Count I. He admitted his guilt to the charge of rape contained in Count I and agreed with the factual basis of the case presented by the State. He testified that he was not threatened, coerced, or forced to plead guilty and that his plea was voluntary. He understood his rights, the effect of his waiver of those rights, and the consequences of his guilty plea. Eberspacher further specifically stated at the plea hearing that he understood that

---

1. Upon his plea of guilty to Count I, the State agreed to dismiss the remaining two counts of

the information.

by entering a plea of guilty that he waived his right to call witnesses on his behalf. Such a statement is specific enough to refute conclusively Eberspacher's allegation of ineffective assistance for failing to investigate witnesses. Counsel could not have been ineffective for failing to investigate witnesses that Eberspacher did not wish to present. *See State v. Driver,* 912 S.W.2d 52 (Mo. banc 1995).

Additionally, Eberspacher failed to specifically describe the information his attorney failed to discover or how this information would have aided his defense. In his amended motion, he alleged that his supervisor, co-workers, family, and friends had knowledge of his character, the victim's character, and the relationship between him and the victim. He, however, failed to specifically describe this information or to allege how this information would have resulted in his choosing to proceed to trial instead of pleading guilty. The motion court, therefore, did not err in denying Eberspacher's motion for post-conviction relief without an evidentiary hearing.

The judgment of the motion court is affirmed.

All concur.