Tracy N. WILD, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 95803.

Missouri Court of Appeals,
Eastern District,
Division Two.

July 12, 2011.

Rosalynn Koch, Columbia, MO, For Appellant.

Chris Koster, Attorney General, John M. Reeves, Assistant Attorney General, Jefferson City, MO, For Respondent.

## OPINION

GLENN A. NORTON, Presiding Judge.

Tracy N. Wild appeals the judgment denying her Rule 24.035 [1] motion for post-conviction relief without an evidentiary hearing. We affirm.

### I. BACKGROUND

Wild was charged with ten counts of forgery and one count of resisting arrest. She pled guilty to three counts of forgery, and the State dismissed the remaining seven forgery counts and the resisting arrest count. The State recommended Wild serve seven years of imprisonment for each of the three forgery counts, to run consecutively for a total of twenty-one years. At Wild's request, the plea court ordered a Sentencing Assessment Report ("SAR"). At the sentencing hearing, the court imposed the twenty-one year sentence recommended by the State. Subsequently, Wild filed a motion for post-conviction relief under Rule 24.035 on the grounds she was denied the right to effective assistance of counsel. In her motion,

---

1. All references to Rules are to Missouri Supreme Court Rules (2011).

Wild alleged plea counsel ("Counsel") advised her the court would impose the lesser sentence recommended in the SAR. Wild further claimed because Counsel misinformed her in this regard, she pled guilty instead of going to trial. The court denied Wild's motion without an evidentiary hearing, finding the record refuted Wild's claim. Wild now appeals.

## II. DISCUSSION

### A. Standard of Review

We review the denial of a Rule 24.035 motion for post-conviction relief to determine only whether the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 24.035(k); *Berry v. State*, 336 S.W.3d 159, 162 (Mo.App. E.D.2011). Findings and conclusions are clearly erroneous if, after a review of the entire record, the court is left with the definite and firm impression that a mistake has been made. *Berry*, 336 S.W.3d at 162.

To receive an evidentiary hearing, the movant must allege facts, not conclusions, warranting relief. *Id.* Additionally, the record must not refute the facts alleged, and the movant must show the allegations resulted in prejudice. *Id.*

### B. The Motion Court did not Clearly Err in Denying Wild's Rule 24.035 Motion for Post–Conviction Relief Without an Evidentiary Hearing

In her sole point on appeal, Wild claims the motion court clearly erred in denying her request for post-conviction relief without an evidentiary hearing. According to Wild, Counsel advised her the court would impose the sentence recommended in the SAR instead of the State's recommendation. Wild claims Counsel misinformed her in this regard, and as a result she pled guilty. We disagree.

To show ineffective assistance at trial, "a movant must show that (1) counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and (2) counsel's deficient performance prejudiced the movant." *Burnett v. State*, 311 S.W.3d 810, 817 (Mo. App. E.D.2009). To establish prejudice, Wild must demonstrate she would have insisted on going to trial but for Counsel's alleged ineffectiveness. *Id.* Because Wild entered a guilty plea, she can only show Counsel was ineffective by demonstrating she pled guilty involuntarily and unknowingly. *Eberspacher v. State*, 915 S.W.2d 384, 386 (Mo.App. W.D.1996).

■ Here, the record clearly refutes Wild's claims and reflects Wild entered her guilty plea voluntarily and knowingly. During the plea hearing, the court asked Wild if she knew of any plea bargain or promises other than the State's promise to dismiss seven forgery counts and one resisting arrest count. Wild testified she did not. More importantly, Wild acknowledged she understood the State recommended she serve a total of twenty-one years regardless of what the SAR suggested. Furthermore, Wild testified she understood no one could promise her what her sentence would be, and any such promise would not be binding on the court. The court also asked Wild if any threats or pressure had been exerted against her to induce her to plead guilty. Wild answered, "No." In addition, during the sentencing hearing, the court asked Wild if Counsel used threats or promises to induce her to plead guilty. Wild testified Counsel did not. As a result, any allegation that Counsel induced Wild's guilty plea by promising she would receive the sentence recommended in the SAR is refuted by Wild's admissions during the plea hearing and the sentencing hearing.

Thus, the record indicates Wild pled guilty voluntarily and knowingly.

In addition, we note at the plea hearing, Wild stated she was fully satisfied with Counsel's services. And at the sentencing hearing, Wild reaffirmed this statement even after receiving twenty-one years of imprisonment. "A defendant who repeatedly assures the court at [her] guilty plea and sentencing hearings that [s]he is satisfied with [her] counsel's performance is barred from obtaining post-conviction relief based on ineffective assistance of counsel." *Eberspacher*, 915 S.W.2d at 386. Thus, the motion court did not clearly err in denying Wild's request for post-conviction relief based upon her claim of ineffective assistance of counsel. Wild's sole point on appeal is denied.

### III. CONCLUSION

The judgment is affirmed.

KATHIANNE KNAUP CRANE and GEORGE W. DRAPER III, JJ., concur.