Shane C. YOUNG, Movant–Appellant,

v.

STATE of Missouri, Respondent–Respondent.

No. SD 31996.

Missouri Court of Appeals, Southern District, Division Two.

Aug. 6, 2013.

Ellen H. Flottman, for Appellant.

Chris Koster, Robert J. (Jeff) Bartholomew, for Respondent.

DON E. BURRELL, J.

Shane C. Young ("Movant") pleaded guilty to one count of involuntary manslaughter, two counts of second-degree assault, and one count of driving with a revoked license.[1] Movant now claims his convictions and sentences should be set

---

1. *See,* respectively, sections 565.024, 565.060, and 302.321. All statutory references are to RSMo Cum.Supp.2009. All rule references are to Missouri Court Rules (2013).

aside because his first attorney's failure to sufficiently review Movant's discovery and prepare for trial rendered Movant's guilty plea involuntary in that Movant "was forced to choose between proceeding to trial with an unprepared attorney—either his [first attorney] who had not reviewed the discovery with him or his retained counsel [second attorney] who had been denied a continuance to prepare—or pleading guilty."

When a conviction results from a guilty plea, "any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges the voluntariness and knowledge with which the plea was made." *Peiffer v. State,* 88 S.W.3d 439, 445 (Mo. banc 2002). Ordinarily, our review of a denial of post-conviction relief is limited to a determination of whether the motion court's findings of fact and conclusions of law—presumed correct— were instead clearly erroneous. Rule 24.035(k); *Cook v. State,* 193 S.W.3d 378, 381 (Mo.App. S.D.2006).

Here, the motion court found-after conducting an evidentiary hearing—that "Movant ... presented no evidence regarding how Mr. Smith's [his first attorney] counsel was wrong or even that he would have insisted on going to trial."[2] Although those findings are not clearly erroneous, Movant's appeal fails for a more fundamental reason: Movant's claim is refuted by his own sworn testimony provided at the time of his guilty plea and again during his subsequent sentencing hearing.

### Movant's Plea Testimony

[THE COURT]: Now, as far as the trial, yesterday I denied your request for a continuance, and Mr. Smith had been working on the trial. The reason you are pleading guilty today is because you believe that you are guilty of the offenses as they are charged?

[MOVANT]: Yes, Your Honor.

[THE COURT]: And not because of any dissatisfaction with Mr. Smith or his preparation; is that correct?

[MOVANT]: Yes, Your Honor.

Movant also assured the trial court that he had sufficient time to consult with Mr. Smith about his case prior to entering his guilty plea.

### Movant's Sentencing Testimony

[THE COURT]: Did both your attorneys do everything you asked them to do before you pled guilty?

[MOVANT]: Yes, Your Honor.

[THE COURT]: Did they do anything you asked them not to do before you pled guilty? Did they go ahead and do something when you told them not to?

[MOVANT]: No, Your Honor.

[THE COURT]: Did they promise you anything for you to plead guilty?

[MOVANT]: Yes, Your Honor.

[THE COURT]: What did—this was a stand-up plea. When I took your plea, I would have asked you if you'd had any promises made to you about what the sentence would be.

[MOVANT]: No, Your Honor.

[THE COURT]: Nobody promised you anything about the sentence?

---

2. To prove prejudice, as required to prevail on an ineffective assistance of counsel claim in connection with a guilty plea, a movant must show "a reasonable probability he would not have pleaded guilty and would have insisted on going to trial, but for plea counsel's alleged constitutionally unreasonable conduct." *Stacker v. State,* 357 S.W.3d 300, 304 (Mo.App. S.D.2012).

[MOVANT]: No. No, Your Honor.

[THE COURT]: Okay. Did they threaten you, your family, or your friends for you to plead guilty?

[MOVANT]: No, Your Honor.

[THE COURT]: Are you completely satisfied with Mr. Smith and Mr. Jones [Movant's second attorney] as your attorney?

[MOVANT]: Yes, Your Honor.

"A defendant who repeatedly assures the court at his guilty plea and sentencing hearings that he is satisfied with his counsel's performance is barred from obtaining post-conviction relief based on ineffective assistance of counsel." *Eberspacher v. State*, 915 S.W.2d 384, 386 (Mo. App. W.D.1996).

Movant's point is denied, and the motion court's denial of post-conviction relief is affirmed.

JEFFREY W. BATES and MARY W. SHEFFIELD, JJ., concur.