In the Missouri Court of Appeals
 Eastern District
 DIVISION FOUR

 SHANE S. KERPASH, ) No. ED108749
 )
 Appellant, ) Appeal from the Circuit Court of
 ) Lincoln County
 vs. )
 ) Honorable Thomas J. Frawley
 STATE OF MISSOURI, )
 )
 Respondent. ) Filed: March 9, 2021

 Introduction

 Shane Kerpash (“Movant”) appeals the denial of his Rule 24.035 1 motion for post-

conviction relief after an evidentiary hearing. On November 7, 2017, Movant pled guilty to

unlawful possession of a firearm in violation of section 571.070.2.2 The plea court suspended

the imposition of sentence and placed Movant on two years of probation. After Movant

admittedly violated the conditions of probation, the plea court sentenced him to twelve years in

the Missouri Department of Corrections (“DOC”). Movant timely filed a Rule 24.035 motion

alleging two claims for post-conviction relief for ineffective assistance of counsel, which the

motion court denied after an evidentiary hearing. Movant raises one point on appeal: the motion

1
 All rule citations are to Missouri Supreme Court Rules 2018, the version in effect when Movant filed his pro se
motion for post-conviction relief on November 16, 2018.
2
 All statutory references are to RSMo (2012), which was the version of the statute in effect at the time the charged
crime was committed, unless otherwise indicated.
court clearly erred because plea counsel (“Counsel”) failed to inform Movant of the State’s five-

year plea offer. Finding no clear error, we affirm.

 Factual and Procedural History

 On August 13, 2016, Movant was charged with unlawful possession of a firearm by

felony information asserting on August 12, 2016, Movant “knowingly possessed a [] .17 caliber

Marlin rifle.” 3 The information alleged Movant was a prior and persistent offender. On

November 7, 2017, the plea court held a plea hearing where Movant pled guilty to the charged

crime. At the plea hearing, the State referred to a previous five-year offer, revoked that offer, and

recommended a five-to-fifteen-year sentence:

 [The State]: [W]e had previously recommended that [Movant] be sentenced to five years
 in the Missouri Department of corrections to run consecutive to the case that he’s serving.
 We would be recommending that [sic] somewhere between five and fifteen years in the
 Missouri Department of Corrections.
 …
 [Court]: [A]re you [Movant] aware of the State’s recommendation?
 [Movant]: I am now.

Aware of the State’s recommendation, Movant agreed to an open plea.

 Before he pled, Movant admitted to pleading voluntarily:

 [Plea Court]: Has anyone threatened you, intimidated you, mistreated you or any member
 of your family, or in any way forced you to plead guilty against your free will?
 [Movant]: No
 …
 [Plea Court]: Are you pleading guilty, sir, of your own free will or some other reason?
 [Movant]: My own free will.

Movant understood the charges against him:

 [Plea court]: Do you understand you’re being charged with one count of unlawful
 possession of a firearm?
 [Movant]: I do.
 [Plea court]: Has your lawyer explained that charge to you so that you understand it?

3
 Movant was also charged with one count of possession of a controlled substance. The State dismissed this charge
in exchange for Movant’s guilty plea for unlawful possession of a firearm.

 2
 [Movant]: I do understand it.

Movant understood pleading guilty waives certain rights:

 [Plea court]: By pleading guilty here today, [Movant] you’re giving up all those rights
 that I’ve just told you about. You’re giving up the right to a trial…[Y]ou’re also giving up
 the right to appeal; do you understand that?
 [Movant] I do.

Movant understood the nature of an open plea and the range of sentencing:

 [Plea Court]: Now, if you plead open…you are at my mercy.
 [Movant]: I understand.
 [Plea Court]: I could give you probation. I could give you 15 years. Do you understand
 that?
 [Movant]: I do understand.
 …
 [Plea Court]: Do you understand you cannot take back your guilty plea because you do
 not like the sentence I give you?
 [Movant]: I do understand that.

Movant understood the consequences of violating probation.

 [Plea Court]: I can tell you also the State’s recommendation is always the floor. So if you
 screw up, you’re not going to get less than five. If I put you on probation, you’re not
 going to get less than five. It’s not going to happen…if you’re on probation and you pick
 up another case, you’re going to get a lot more time than if you just fail to report.
 [Movant]: I understand.

 Furthermore, Movant did not complain about Counsel at the plea hearing. Before he pled,

the plea court gave Movant an opportunity to discuss the plea with Counsel, but Movant

responded, “We’ve already discussed it enough.” The plea court asked Movant about Counsel’s

representation of him, and Movant voiced no grievances:

 [Plea court]: Has [Counsel] fully answered all your questions?
 [Movant]: Yes, he has.
 [Plea court]: Has [Counsel] done what you’ve asked him to do?
 [Movant]: Yes.
 …
 [Plea Court]: Do you have any complaints with your lawyer?
 [Movant]: No.

 3
Movant pled guilty and received a suspended imposition of sentence with two years of probation.

The plea court found Defendant pled knowingly, voluntarily, and intelligently.

 After Movant admittedly violated his terms of probation, he received a twelve-year

sentence. Movant first criticized Counsel’s performance at the probation revocation hearing.

Movant told the plea court Counsel did not inform him of the State’s previous five-year offer,

which he would have accepted had he known of it. He formalized his complaint by filing a Rule

24.035 motion for post-conviction relief. The motion court conducted an evidentiary hearing on

November 12, 2019. Movant and Counsel both testified. When asked if Counsel relayed the

offer, Movant testified, “Absolutely, he did not.” Responding to the same question, Counsel

testified, “Absolutely, I did.” The motion court believed Counsel’s testimony he did

communicate the offer and did not believe Movant’s testimony he did not.

 Movant also testified he would have accepted the five-year offer if he knew about it.

According to Counsel’s testimony, Movant did not accept the five-year offer because he wanted

to avoid any additional DOC time, which would affect his ability to receive parole for the

sentence he was serving at the time. On whether Movant would have accepted the five-year

offer, the motion court credited Counsel’s testimony and discredited Movant’s. Based on these

credibility determinations, the motion court denied Movant’s Rule 24.035 motion for post-

conviction relief.

 This appeal follows.

 Standard of Review

 Our review of a Rule 24.035 motion “shall be limited to a determination of whether the

findings and conclusions of the trial court are clearly erroneous.” Rule 24.035(k). “A judgment is

clearly erroneous when, in light of the entire record, the court is left with the definite and firm

 4
impression that a mistake has been made.” Dorsey v. State, 448 S.W.3d 276, 282 (Mo. banc

2014). “We presume the motion court’s findings are correct.” Smith v. State, 413 S.W.3d 709,

715 (Mo. App. E.D. 2013). Movant has the burden to prove claims “by a preponderance of the

evidence.” Rule 24.035(i). “The motion court is not required to believe the testimony of the

movant or any other witness, even if uncontradicted, and this Court defers to the motion court’s

determination of credibility.” Smith, 413 S.W.3d at 715.

 Discussion

 The Sixth Amendment guarantees criminal defendants effective counsel at all “critical”

stages of a criminal proceeding including plea negotiations. Missouri v. Frye, 566 U.S. 134, 140

(2012). A movant seeking post-conviction relief for ineffective assistance of counsel must prove

two elements: (1) counsel’s performance was deficient and (2) movant suffered prejudice as a

result. Strickland v. Washington, 466 U.S. 668, 687 (1984). The Strickland test applies to the

plea bargain context. Arnold v. State, 509 S.W.3d 108, 113 (Mo. App. E.D. 2016).

I. Performance

 Movant fails to show Counsel performed ineffectively. A lawyer’s performance is

ineffective when it does “not conform to the skill and diligence of a reasonably competent

attorney.” Smith, 413 S.W.3d at 715. A strong presumption exists that counsel’s performance was

reasonable and effective. Zink v. State, 278 S.W.3d 170, 176 (Mo. banc 2009). A movant

overcomes this presumption by pointing to “specific acts or omissions of counsel that, in light of

all the circumstances, fell outside the wide range of professional competent assistance.” Id.

(quoting Anderson v. State, 196 S.W.3d 28, 33 (Mo. banc 2006)).

 Pleading guilty waives all claims of ineffective assistance of counsel “except to the extent

that the conduct affected the voluntariness and knowledge with which it was made.” Arnold, 509

 5
S.W.3d at 113 (quoting Worthington v. State, 166 S.W.3d 566, 573 (Mo. banc 2005)). Following

a guilty plea, a movant proves ineffective assistance of counsel by showing “a serious dereliction

of duty that materially affected his substantial rights and…his guilty plea was not an intelligent

or knowing act.” Id.

 In a guilty plea, the United States Supreme Court has addressed two instances of attorney

error: “(1) failing to communicate an existing offer to the defendant; and (2) providing bad

advice about an existing offer.” Id. (citing Frye, 566 U.S. 134, and Laffler v. Cooper, 566 U.S.

156 (2012)). Here, Movant contends Counsel’s performance was ineffective because he failed to

communicate an existing offer, rendering his plea involuntary and unknowing.

 First, the record refutes Movant’s assertion he pled involuntarily. Movant told the plea

court he was not threatened, intimidated, or forced to plead guilty, and when asked if he was

pleading of his own free will or another reason, Movant answered, “My own free will.” These

admissions suffice for a voluntary finding. Ryan v. State, 547 S.W.3d 151, 155–56 (Mo. banc

2018).

 Second, the record reflects Movant pled knowingly. At the plea hearing, the State

revoked the five-year offer and recommended a five-to-fifteen-year sentence, demonstrating

Movant knew of the five-year offer before pleading. And Movant understood the charges against

him, the nature of an open plea, the waiver of certain rights, and the consequences of violating

probation.

 The motion court found “not credible” Movant’s testimony Counsel failed to relay the

offer. Conversely, the motion court found “credible” Counsel’s testimony he did relay the offer.

We defer to the motion court’s credibility determinations, given its “superior opportunity to

judge the credibility of the witnesses.” Coday v. State, 179 S.W.3d 343, 360 (Mo. App. S.D.

 6
2005) (citing State v. Simmons, 955 S.W.2d 752, 773 (Mo. banc 1997)). Because of those

determinations, Movant presented no credible evidence Counsel did not communicate the offer.

We are not inclined to upend the strong presumption Counsel provided competent assistance

with no credible evidence to the contrary.

 Movant’s satisfaction with Counsel at the plea hearing refutes Movant’s subsequent

allegations of ineffective assistance. The facts here resemble the facts in Ryan v. State. 547

S.W.3d 151. In Ryan, the defendant alleged he pled involuntarily because his counsel did not

inform him about a change in the plea offer until immediately before the plea hearing. Id. at 152.

At the plea hearing, the defendant did not complain about counsel’s performance. Id. at 156.

Once the defendant had his probation revoked and a fifteen-year sentence imposed, then he

complained about counsel’s performance. The Missouri Supreme Court found the defendant’s

statements of satisfaction with counsel at the plea hearing refuted his subsequent allegations of

ineffective assistance. Id.

 Here, Movant had no complaints with Counsel at the plea hearing. Provided the chance to

discuss the plea offer with Counsel before pleading, Movant responded, “We’ve already

discussed it enough.” With Counsel’s help, Movant received two years of probation, despite the

State’s five-to-fifteen-year recommendation. Movant did not complain of ineffective assistance

until he violated his probation and received a twelve-year sentence. Like the defendant in Ryan,

Movant’s satisfaction with Counsel at the plea hearing refutes his claim Counsel did not inform

him of the five-year offer. See also Wild v. State, 345 S.W.3d 328, 330 (Mo. App. E.D. 2011)

(“A defendant who repeatedly assures the court at [her] guilty plea and sentencing hearings that

[s]he is satisfied with her counsel’s performance is barred from obtaining post-conviction relief

 7
based on ineffective assistance of counsel.”) (quoting Eberspacher v. State, 915 S.W.2d 384, 386

(Mo. App. W.D. 1996)).

 The motion court, therefore, did not clearly err by finding Movant received effective

assistance of counsel and pled voluntarily and knowingly.

II. Prejudice

 Further, Movant fails to show prejudice from Counsel’s alleged failure to communicate

the five-year offer.

 After a plea offer expires, defendants must demonstrate all the following to prove

prejudice: (1) a reasonable probability they would have accepted the offer but for counsel’s error;

(2) a reasonable probability the prosecution would not have cancelled the offer and the trial court

would not have rejected it; and (3) a reasonable probability the criminal proceeding would have

ended more favorably for the defendant, either by pleading to a lesser charge or sentence. Frye,

566 U.S. at 147. Here, Movant fails to establish prongs (1) and (3).

 First, there is no reasonable probability Movant would have accepted the five-year offer.

We face a similar situation as the court in State v. Brooke, 584 S.W.3d 368 (Mo. App. S.D.

2019). In Brooke, the State charged the defendant with unlawful use of a weapon, which carried

a mandatory minimum fifteen-year sentence, but Counsel did not tell the defendant about the

mandatory sentence. Id. at 369–370. The defendant rejected a four-year plea offer, pled open,

and received a fifteen-year sentence. Id. at 370. Although the defendant testified he would have

accepted the four-year offer had he known about it, the motion court found this testimony not

credible for two reasons. Id. at 372–73. First, the defendant pled open because he wanted

probation, since he “really didn’t want to go to prison.” Id. at 371. Second, the State told the

defendant about the mandatory sentence at the plea hearing, indicating the defendant knew of the

 8
provision before pleading. Id. Deferring to the motion court’s credibility determinations, the

appellate court concluded the defendant did not suffer prejudice. Id. at 373–74.

 The facts here mirror Brooke. The motion court did not believe Movant’s testimony he

would have accepted the five-year offer. Instead, the motion court believed Counsel’s testimony

Movant pled open because additional DOC time would affect his parole chances for the sentence

he was already serving. Also, the State mentioned the previous five-year offer at the plea

hearing, indicating Movant knew of the offer before pleading. Like the defendant in Brooke, who

knew about the mandatory sentence but pled open to avoid incarceration, here Movant knew

about the five-year offer but pled open to avoid disturbing his parole chances. Therefore, as did

the Brooke court, we defer to the credibility determinations of the motion court and find no

reasonable probability Movant would have accepted the five-year offer.

 Second, there is no reasonable probability the proceeding would have ended more

favorably had Movant accepted the five-year offer. In Bergner, this Court held that a “suspended

imposition of sentence with probation is generally more favorable to a defendant even than a

lesser sentence without probation because they can avoid serving any prison time by complying

with the conditions of probation.” Bergner v. State, 568 S.W.3d 547, 551 (Mo. App. E.D. 2019).

Here, Movant’s guilty plea resulted in a suspended imposition of sentence and two years of

probation. Two years of probation is more favorable than five years of incarceration.

 Movant fails to show Counsel’s alleged errors caused prejudice.

 9
 Conclusion

 We affirm the motion court’s denial of Movant’s Rule 24.035 motion because Counsel’s

assistance was not ineffective and Movant suffered no prejudice.

 _______________________________
 Philip M. Hess, Judge

Gary M. Gaertner, Jr., P.J. and
Michael E. Gardner, J. concur.

 10