John BIVENS, Movant–Appellant,

v.

STATE of Missouri, Respondent.

No. ED 77161.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 6, 2001.

Lisa M. Stroup, Asst. Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Karen L. Kramer, Asst. Atty. Gen., Jefferson City, MO, for respondent.

MOONEY, Presiding Judge.

John Bivens ("Movant"), appeals the motion court's denial of his Rule 24.035 motion for postconviction relief after an evidentiary hearing because Movant's trial counsel was ineffective in that he failed to advise Movant of the consequences of rejecting the State's plea offer. We affirm.

In July of 1998, the State charged Movant with eight counts of second-degree burglary, section 569.170 RSMo. (1994). In November of 1998, the State made Movant a plea offer of eight concurrent terms of seven years' imprisonment. Movant initially accepted that offer, but on the day of his guilty plea hearing, changed his mind and had his case set for trial. The State subsequently amended its information and also charged Movant as a prior and persistent offender. In February of 1999, the State made a new offer of eight concurrent terms of ten years' imprisonment, which Movant also rejected. In March of that same year, Movant finally accepted a third offer of concurrent terms of twelve years' imprisonment for each count.

On March 16, 1999, Movant pleaded guilty to six of the eight counts of second-degree burglary pursuant to the new plea agreement with the State. The plea court found no factual basis existed for the remaining two counts, and the State dismissed them. In accordance with the agreement, the plea court sentenced Movant to six concurrent terms of twelve years' imprisonment. Movant filed a Rule 24.035 motion, which appointed counsel amended. The motion court denied Movant's motion after a hearing. Movant filed this timely appeal.

■ Our review is limited to determining if the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). The findings and conclusions are clearly erroneous if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Reynolds v. State*, 994 S.W.2d 944, 945 (Mo. banc 1999).

■ Movant asserts on appeal that his plea counsel was ineffective for failing to advise him of the consequences of rejecting the initial plea offer of eight concurrent terms of seven years. Further, Movant contends he did not realize that if he rejected that offer, the State's future recommendations would increase. We find Movant's argument meritless.

■ For claims of ineffective assistance of counsel, Movant must prove: (1) his attorney failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstance, and (2) as a result, he was prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). To show prejudice, Movant must demonstrate that but for the errors of his attorney, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). In addition, because Movant pleaded guilty, his claim of ineffective assistance of counsel is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which his pleas were made. *Hagan v. State*, 836 S.W.2d 459, 463 (Mo. banc 1992).

Here, Movant is unable to show that his counsel failed to exercise the customary skill and diligence of a reasonably competent attorney under similar circumstances. Movant's claim asks his counsel to be clairvoyant, something no attorney, no matter how skilled he or she might be, can do. Counsel had no way of knowing what the State would do after Movant rejected the plea offer. Counsel can only be expected to inform Movant of the possible punishment range if he does not accept the plea, and counsel did just that, testifying at the evidentiary hearing that he explained to Movant the full range of punishment. Counsel further explained to Movant that if he rejected the initial plea agreement, he could also be charged as a prior and persistent offender, which would increase the range of punishment from seven years to twenty years.

In addition, Movant offered no evidence at the hearing to show the State maintained a policy of increasing its offers once an initial plea offer was rejected. Certainly, the offers could have increased, but they also could have decreased depending upon a myriad of factors, including the outcome of various preliminary motions. Without evidence of policy, Movant is unable to show his counsel is incompetent in failing to convey such information to him.

■ Furthermore, Movant failed to show that any omission by his counsel affected the ultimate voluntariness of his ultimate plea. Both his motion and his motion hearing testimony are silent on this issue. Therefore, even if his plea counsel were somehow ineffective by failing to tell him the State's plea offers could increase, Movant has failed to show how it impinged on the voluntariness of his guilty plea.

Moreover, Movant failed to show how any omission by his counsel prejudiced him. Movant argues that his counsel's failure to inform him of the consequences of rejecting the State's plea recommendation did prejudice him, because if he had known the State's recommendation would increase "when he refused the state's initial recommendation, he would have gone to trial because he would have known any subsequent recommendations from the state would involve more time." This argument is also meritless, because at the time he pleaded guilty Movant was obviously aware that the recommendation had increased, but he still chose to plead guilty. The record of his guilty plea shows Movant entered his guilty pleas voluntarily and intelligently, fully aware of the range of punishment and the twelve-year recommendation.

Finally, Movant also complains that he was prejudiced because he ultimately had to plead to a longer term of imprisonment. However, Movant testified that he understood the range of punishment for his crimes. He also knew that by rejecting the initial seven-year plea offer, he was subjecting himself to the full range of punishment. He further understood he did not have to accept the twelve-year recommendation, but chose to do so and therefore got exactly what he bargained for.

Judgment affirmed.

SIMON and SULLIVAN, JJ., concur.