Michael **MEMBERS**, Appellant,

v.

**STATE of Missouri, Respondent.**

**No. WD 65390.**

Missouri Court of Appeals,
Western District.

July 18, 2006.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 2006.

Application for Transfer Denied
Nov. 21, 2006.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun Mackelprang and Dora Fichter, Office of Attorney General, Jefferson City, for appellant.

Rebecca Lynn Kurz, Appellate Defender Office, Kansas City, for respondent.

RONALD R. HOLLIGER, Presiding Judge.

Michael Members appeals the circuit court's denial, without an evidentiary hearing, of his Rule 29.15 motion for post-conviction relief (PCR) from his convictions for first degree murder and armed criminal action. Mr. Members's two points on appeal contend that a PCR hearing is needed so that he can prove his trial counsel provided ineffective assistance by (1) failing to convey to Members a plea offer made by the prosecutor, and (2) failing to object to the prosecutor's closing argument that the only reason lesser included offense instructions had been submitted was that defense counsel had requested them. On point one, we reverse

and remand for an evidentiary hearing because we find that Mr. Members pled sufficient facts—not refuted by the record—which, if proven, would warrant relief. Because we remand for a hearing on point one, we need not address point two.

### Facts

A jury convicted Mr. Members of first degree murder and armed criminal action in the shooting death of Ms. Cherita Ray. This court affirmed the conviction and sentence on direct appeal. *State v. Members,* 91 S.W.3d 654 (Mo.App. W.D.2002). In his PCR motion, Mr. Members contends that during his trial the prosecutor informed defense counsel that the State would reduce the charge to second degree murder in exchange for a guilty plea, but that defense counsel failed to convey this information to Mr. Members. Members states in his PCR petition,

> Only after the jury had returned its verdict recommending sentences of life without parole and 40 years, did counsel disclose the plea offer to movant. Counsel stated to movant that he did not tell him sooner because he was convinced that the state had failed to prove the cause of death, and that he did not think that movant would have accepted the offer, anyway.

Mr. Members also states in his PCR petition that he was prejudiced by counsel's failure to convey the offer, because he would have accepted the offer, had he known about it.

Just prior to jury selection, the court asked the parties if they needed time to negotiate a plea, and the prosecutor responded that "the state has charged the defendant with murder in the first degree for which there's only one sentence and that is life without parole." A short recess was then taken, off the record. After the State closed its case and before the de-

fense began presenting its evidence, the court asked the parties if there had been further plea negotiations. The prosecutor said to defense counsel, "I suppose you can talk to [Mr. Members], but I don't think it is going to do any good." Defense counsel responded, "I don't think it will do any good. If it is still possible." The prosecutor said, "Sure, yes." Shortly thereafter, the court took a fifteen minute break before the defense presented its case. On appeal, the State points to nothing in the record, and we find nothing, refuting Members's claim that the prosecutor made—and defense counsel failed to convey to Members—a plea offer.

In answer to the PCR motion, the State countered, "The State vehemently denies that any such plea offer was ever extended to the defendant during trial." The motion court denied relief without a hearing, concluding that the State "vehemently denies" that the prosecutor made a plea offer. Mr. Members appeals.

### Discussion

"Appellate review of the trial court's action on the motion filed under Rule 29.15 shall be limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 29.15(k). We will find the trial court's actions are clearly erroneous if "after a review of the whole record, are we left with the definite and firm impression a mistake has been made." *State v. Taylor,* 929 S.W.2d 209, 224 (Mo. banc 1996). The issue before us is whether Mr. Members's PCR petition warrants an evidentiary hearing. "In order to be entitled to an evidentiary hearing, a movant must (1) cite facts, not conclusions, which, if true, would entitle movant to relief; (2) the factual allegations must not be refuted by the record; and (3) the matters complained of must prejudice the movant." *State v.*

*Blankenship,* 830 S.W.2d 1, 16 (Mo. banc 1992).

Mr. Members pled facts that would, if true, entitle him to relief on his claim of ineffective assistance of counsel. To prevail on a Sixth Amendment claim of ineffective assistance of counsel, a movant must show both (1) trial counsel's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). Failure of defense counsel to communicate a plea offer to the defendant ordinarily constitutes deficient performance. *State v. Colbert,* 949 S.W.2d 932, 946 (Mo.App. W.D.1997); *U.S. v. Rodriguez Rodriguez,* 929 F.2d 747, 752 (1st Cir. 1991); *Cottle v. Florida,* 733 So.2d 963, 966 (Fla.1999). We have previously found that an evidentiary hearing on a PCR motion was required where the movant alleged ineffective assistance for failure of counsel to convey a plea offer. *Colbert,* 949 S.W.2d at 946.

The State argues that *Colbert* does not require a hearing in this case, because in *Colbert* the record showed affirmatively that the offer had in fact been made by the prosecutor. Here, the State points out, the record does not show that an offer was made. However, as our Supreme Court made clear in *Blankenship,* the movant is *entitled* to a hearing unless the movant's claim is *refuted* by the record; the movant's position need not be *supported* by the record to warrant a hearing. 830 S.W.2d at 16. The State also claims no hearing is required because Members "has not alleged that he would present any proof" that a plea offer was made. But Members claims he was a witness to his attorney's belated statement that the prosecutor made the offer, so Members's own testimo-

ny or that of his attorney, if believed, would prove his claim.

Mr. Members has also satisfied the requirement that he plead facts which would, if proved, constitute prejudice. As in *Colbert*, 949 S.W.2d at 946, Mr. Members pled in his PCR motion that he would have accepted the plea offer if he had known about it, and that the plea would have resulted in a lighter sentence.

The case is reversed and remanded for a hearing on Mr. Members's PCR motion. Because we reverse on point one, we need not address point two.

PATRICIA A. BRECKENRIDGE, Judge, and ROBERT G. ULRICH, Judge, concur.