Ricky Lee BEACH, Movant–Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 27918.

Missouri Court of Appeals,
Southern District,
Division Two.

March 1, 2007.

Motion for Rehearing or Transfer
Denied April 12, 2007.

Application for Transfer Denied
May 29, 2007.

Kent Denzel, Assistant Public Defender, Columbia, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen. and Joshua N. Corman, Assistant Attorney General, Jefferson City, MO, for respondent.

GARY W. LYNCH, Judge.

Ricky L. Beach ("Movant") appeals the denial without an evidentiary hearing of his Rule 24.035 motion for post-conviction relief.[1] Movant claims that his guilty plea was not knowing and voluntary due to plea counsel's ineffective assistance in misadvising him that he was a "good candidate" for probation and that Movant was prejudiced as a result by rejecting a plea offer that would have resulted in a lesser sentence. Finding that Movant's asserted prejudice fails to state a cognizable Rule 24.035 claim, we affirm.

### 1) *Factual and Procedural Background*

Movant was charged in the Circuit Court of Greene County with first degree robbery, in violation of § 569.020, and armed criminal action, in violation of § 571.015. Thereafter, Movant entered a plea of guilty to the robbery charge pursuant to a plea agreement with the State to dismiss the armed criminal action charge. Nothing in the plea agreement restricted either party from arguing for, or the court from imposing any sentence within the range of punishment on the robbery charge. At sentencing, the State argued for a twenty-five year sentence, and Movant argued for a seventeen to twenty-year sentence with probation, a condition which would require Movant to complete Teen Challenge. The plea court sentenced Movant to twenty years' imprisonment and denied probation.

Movant filed a timely *pro se* Rule 24.035 motion for post-conviction relief. Counsel was appointed and timely filed an amended motion. In his amended motion, Movant alleged that his guilty plea "was involuntary, unknowing, and unintelligent because plea counsel misled movant into rejecting a fifteen[-]year plea offer by erroneously advising him that he was a good candidate for an alternative sentencing program such as Teen Challenge." The motion court sustained the State's motion to dismiss without an evidentiary hearing, concluding that:

> Movant does not allege that he would have rejected any plea offer and gone to trial. Movant was aware that by pleading without an offer, he was gambling on the result. The Court repeatedly asked him if he had been made any promises in order to secure the plea. Movant repeatedly assured the Court that no promises had been made. Movant has not sustained his burden of pleading on this point by claiming that he made a poor choice.

Movant appeals the dismissal of his motion without an evidentiary hearing.

### 2) *Standard of Review*

In reviewing a denial of a motion for post-conviction relief, this Court will uphold the findings and conclusions of the motion court unless they are clearly erroneous. Rule 24.035(k); *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). The findings and conclusions are clearly erroneous if a full review of the record definitely and firmly reveals that a mistake was made. *Id.* Movant was entitled to an evidentiary hearing on his claims if he "(1) allege[d] facts, not conclusions, that, if

---

1.  All references to statutes are to RSMo 2000, and all references to rules are to Missouri Court Rules (2006), unless otherwise indicated.

true, would warrant relief; (2) these facts ... raise[d] matters not refuted by the record and files in the case; and (3) the matters complained of ... resulted in prejudice to the movant." *Bryan v. State*, 134 S.W.3d 795, 798 (Mo.App.2004), *quoting Barnett v. State*, 103 S.W.3d 765, 769 (Mo. banc 2003). If any of these three prongs are absent, the motion court may deny an evidentiary hearing. *Edgington v. State*, 869 S.W.2d 266, 268 (Mo.App.1994).

### 3) *Discussion*

In his sole point relied on, Movant claims the motion court erred in denying his motion without an evidentiary hearing because: (1) he pleaded facts that are not refuted by the record—plea counsel erroneously advised Movant that he was a "good candidate for an alternative sentencing program;" (2) if proved, this fact would warrant relief; and (3) Movant was prejudiced because, if properly advised, he would have accepted the State's previous plea offer of fifteen years' imprisonment instead of being sentenced to twenty years.

The State contends that Movant's motion fails to satisfy the third prong necessary to require an evidentiary hearing— that the matters complained of resulted in prejudice to the movant. The State posits that the Movant's claimed prejudice—but for plea counsel's erroneous advice he would have accepted the State's previous offer of fifteen years—does not satisfy the prejudice requirement of an ineffective-assistance-of-counsel claim in a guilty plea and, thus, does not satisfy the prejudice requirement necessitating an evidentiary hearing. The State argues that the prejudice requirement in the context of a guilty

plea may only be satisfied with factual allegations in Movant's motion that show a reasonable probability that, but for counsel's error, Movant would not have pleaded guilty and would have insisted on going to trial. Movant counters the State's argument by asserting, without citation to supporting authority in his brief, that "would have gone to trial" is not the sole means of alleging prejudice and that only "*some* cognizable prejudice must be pled." We agree with the State.

■ To prove ineffective assistance of counsel, the movant must show both (1) that his attorney's representation failed to conform to the degree of skill, care, and diligence of a reasonably competent attorney rendering similar services under similar circumstances (performance prong); and (2) that he was prejudiced as a result (prejudice prong). *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). In the context of a guilty plea, "any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges upon the voluntariness and knowledge" with which the plea of guilty was made. *Hagan v. State*, 836 S.W.2d 459, 463 (Mo. banc 1992).

In establishing the constitutional standard for determining ineffective assistance of counsel, the United States Supreme Court recognized that the "right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial."[2] *Strickland*, 466 U.S. at 684, 104 S.Ct. at 2063. "An accused is entitled to be assisted by an attorney, whether retained or appointed, who plays the role necessary to ensure that the trial is fair." *Strickland*,

---

**2.** The *Strickland* court noted: "The Constitution guarantees a fair trial through the Due Process Clauses, but it defines the basic elements of a fair trial largely through the several provisions of the Sixth Amendment, including the Counsel Clause[.]" *Strickland*, 466 U.S. at 684–85, 104 S.Ct. 2052.

466 U.S. at 685, 104 S.Ct. at 2063. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686, 104 S.Ct. at 2064. In addressing the prejudice prong, the *Strickland* court noted: "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* at 687, 104 S.Ct. at 2064. "[T]he purpose of the effective assistance guarantee of the Sixth Amendment is not to improve the quality of legal representation, although that is a goal of considerable importance to the legal system. The purpose is simply to ensure that criminal defendants receive a fair trial." *Id.* at 689, 104 S.Ct. at 2065.

It is against the backdrop painted in *Strickland* that a year later the United States Supreme Court next addressed the standard for ineffective assistance of counsel, only this time, in the context of a defendant's guilty plea. In *Hill v. Lockhart,* 474 U.S. 52, 58–59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985), the Court stated:

> We hold, therefore, that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel. In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence.... The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant *must* show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. (Emphasis added).

In *Hill,* the petitioner made no allegations in his petition "that, had counsel correctly informed him about his parole eligibility date, he would have pleaded not guilty and insisted on going to trial." *Id.* at 60, 106 S.Ct. at 371. Because the movant "failed to allege *the kind of* 'prejudice' necessary to satisfy the second half of the *Strickland v. Washington* test, the District Court did not err in declining to hold a hearing on petitioner's ineffective assistance of counsel claim." *Id.* (Emphasis added). *Accord State v. Roll,* 942 S.W.2d 370, 374–75 (Mo. banc 1997); *Coates v. State,* 939 S.W.2d 912, 914 (Mo. banc 1997); *Bivens v. State,* 37 S.W.3d 395, 397 (Mo. App. E.D.2001); *Daniels v. State,* 927 S.W.2d 512, 514 (Mo.App. E.D.1996); *Gilliland v. State,* 882 S.W.2d 322, 325 (Mo. App. S.D.1994); *Engelmann v. State,* 864 S.W.2d 445, 448 (Mo.App. W.D.1993).

Finding that the reasoning set forth in *Strickland* supporting the prejudice requirement in the ineffective-assistance-of-counsel standard also applied in the context of a guilty plea, the *Hill* court noted:

> In addition, we believe that requiring a showing of "prejudice" from defendants who seek to challenge the validity of their guilty pleas on the ground of ineffective assistance of counsel will serve the fundamental interest in the finality of guilty pleas we identified in *United States v. Timmreck,* 441 U.S. 780, 99 S.Ct. 2085, 60 L.Ed.2d 634 (1979):
>
>> " 'Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration of justice. The impact is greatest when new grounds for setting aside guilty pleas are approved because the vast majority of

criminal convictions result from such pleas. *Moreover, the concern that unfair procedures may have resulted in the conviction of an innocent defendant is only rarely raised by a petition to set aside a guilty plea.'* " *Id.,* at 784, 99 S.Ct. at 2087 (quoting *United States v. Smith,* 440 F.2d 521, 528–529 (C.A.7 1971) (Stevens, J., dissenting)).

*Hill,* 474 U.S. at 58, 106 S.Ct. at 370 (Emphasis added).

In the present case, Movant's only allegation of prejudice is that, but for plea counsel's alleged misadvice with regard to his chances for probation, he would not have rejected the fifteen-year plea offer previously extended by the State. Based upon this fact, and applying the above legal principles, we conclude the following. Movant's constitutional right to effective assistance of counsel is premised upon and exists to provide protection of Movant's constitutionally guaranteed fundamental right to a fair trial. *Strickland,* 466 U.S. at 684, 104 S.Ct. at 2063. However, Movant's plea of guilty waived his right to a trial, so no trial was held. *See* Rule 24.02(b)(4). Thus, the only way to properly evaluate the alleged ineffectiveness of Movant's plea counsel is by what effect, if any, counsel's alleged error had upon Movant's waiver of his right to a fair trial, i.e., is his waiver of trial by guilty plea knowing and voluntary. *Hagan,* 836 S.W.2d at 463. So, if there is a reasonable probability that, but for plea counsel's alleged error, Movant would not have pleaded guilty thereby waiving his right to a trial, but would have insisted upon going to trial, then Movant's constitutionally guaranteed fundamental right to a fair trial has been denied, and Movant is constitutionally prejudiced by the alleged ineffective assistance of his counsel. *Hill,* 474 U.S. at 58–59, 106 S.Ct. at 370. If, however, despite the alleged error by counsel, Movant asserts, as he has in his Rule 24.035 motion, that he would have persisted in waiving his constitutional right to a fair trial by pleading guilty, then Movant has not been denied his right to a fair trial and is not constitutionally prejudiced by counsel's alleged ineffectiveness. *Id.* Based upon the allegations contained in Movant's motion, we conclude that Movant's conviction is not the result of a violation of Movant's constitutional right to effective assistance of counsel and, as such, is not cognizable under Rule 24.035. *Id.;* Rule 24.035(a).

A contrary conclusion raises two problems. To conclude otherwise challenges the finality in all criminal convictions entered as a result of a guilty plea—a concern directly addressed by the United States Supreme Court in *Hill, supra.* Virtually every criminal case resolved by a guilty plea involves plea negotiations and, in those few that do not, an argument could be made that plea counsel was ineffective for not engaging in plea negotiations. Therefore, if any perceived prejudice to a movant in such plea negotiations rises to the level of constitutional prejudice to support an ineffective assistance of counsel claim, every guilty plea would require an evidentiary hearing on the ensuing Rule 24.035 motion. The *Hill* court resolved this potential finality question by premising a movant's constitutional prejudice upon whether, but for plea counsel's alleged error, the movant would have pleaded not guilty and insisted upon a trial. *Hill,* 474 U.S. at 58–59, 106 S.Ct. at 370.

Aside from the finality issue, a contrary conclusion presents a practical problem as well: What is Movant's remedy? *See Bryan,* 134 S.W.3d at 803–04. If, upon remand and an evidentiary hearing, the motion court finds that the movant's alleged facts are true, then the motion court

would be required to vacate and set aside the judgment and set the case for either resentencing or trial. *See* Rule 24.035(j).[3] Yet, setting the case for resentencing would not be an effective remedy because the motion court has no power to require the State to reinstate the alleged favorable plea offer. *Bryan,* 134 S.W.3d at 804. The State could simply refuse to offer Movant any plea agreement. *Id.* In the absence of the alleged favorable plea offer or any other plea offer, setting the case for trial would not be an appropriate remedy because, based upon the record before the motion court, Movant has already made the decision to plead guilty based on the terms of the alleged less-favorable plea agreement rather than insist on a trial.

Because Movant failed to allege facts demonstrating that there is a reasonable probability that, but for counsel's alleged error, he would not have pleaded guilty and would have insisted on going to trial— the *kind* of prejudice that satisfies the prejudice prong of the *Strickland/Hill* test—the motion court's conclusion that "Movant has not sustained his burden of pleading on this point" is not clearly erroneous. *Coates,* 939 S.W.2d at 914.

By letter to our Court with copy to opposing counsel, after submission of the case, Movant urges us to consider the recently decided *Members v. State,* 204 S.W.3d 210 (Mo.App.2006), in support of Movant's argument "that he was entitled to an evidentiary hearing on his claim that there are forms of prejudice that may be pled other than that he would have gone to trial had he not been misadvised." In *Members,* the movant was convicted following trial and filed a Rule 29.15 motion for post-conviction relief, claiming that trial counsel failed to convey to him a plea offer made by the State during the trial, and that he was prejudiced by such error in that he would have accepted the offer and, thereby, received a lesser sentence. *Id.* at 211–12. The Western District of our Court, finding movant's allegation of prejudice sufficient to state a claim under Rule 29.15, held that the denial of Member's motion without an evidentiary hearing was erroneous. *Id.* at 213. *Members* is easily distinguishable from the case at bar.

In *Members,* the movant did not enter a plea of guilty, but rather exercised his constitutional right to a trial. Thus, the holdings in *Hill* and *Coates, supra,* were not relevant to, considered by, nor controlling upon the Western District in considering movant's Rule 29.15 claim.[4] We, on the other hand, in the instant case involv-

---

**3.** Rule 24.035(j) provides in relevant part:

If the court finds that ... there was a denial or infringement of the rights given movant by the constitution of Missouri or the constitution of the United States as to render the judgment subject to collateral attack, the court shall vacate and set aside the judgment and shall discharge the movant or resentence the movant or order a new trial or correct the judgment and sentence as appropriate.

**4.** If prejudice in the context of a Rule 29.15 claim after a trial on the merits is related to prejudice in the context of a Rule 24.035 claim after a guilty plea, a determination we are not required to make in this case, then we believe our decisions in *Rowland v. State,* 129 S.W.3d 507 (Mo.App. S.D.2004) and *Bryan v.*

*State,* 134 S.W.3d 795, (Mo.App. S.D.2004), both of which reach a result which appears to be contrary to *Members,* provide a better foundation for the basis of such a relationship. In *Rowland,* movant claimed he was prejudiced by the misadvice of trial counsel, leading movant to reject a plea offer and go to trial where he received a longer sentence than that contemplated by the rejected plea offer. *Rowland,* 129 S.W.3d at 510. The motion court denied his Rule 29.15 motion without an evidentiary hearing. *Id.* at 509. We noted that "[u]nless and until a plea agreement is reached and embodied in the judgment of a court, nothing has occurred that is of constitutional significance.... Failed negotiations do not implicate the constitution"; and "[a] defendant in a criminal case has no right to a plea agreement." *Id.* at 510. In affirming,

ing a guilty plea and Rule 24.035, are required to follow both *Hill and Coates*. *State ex rel. Simmons v. Roper*, 112 S.W.3d 397, 420–21 (Mo. banc 2003) (state court judges are bound to follow the decisions of the Supreme Court of the United States); *State v. Keightley*, 147 S.W.3d 179, 184–85 (Mo.App. S.D.2004) (Court of Appeals is constitutionally bound to follow the most recent controlling decision of the Supreme Court of Missouri); Mo. CONST. art. V, § 2. Movant's point is denied.

### 4) *Decision*

The judgment of the motion court denying Movant's motion for post-conviction relief is affirmed.

BATES, P.J./C.J., and GARRISON, J., concur.

## ON MOTION FOR REHEARING OR TRANSFER

PER CURIAM.

Our affirmance of the motion court's denial of Movant's motion for post-conviction relief without an evidentiary hearing was based upon our holding that Movant's allegation of prejudice in his motion—but for plea counsel's ineffectiveness he would have pled guilty to a more favorable plea offer—did not allege the kind of prejudice constitutionally required—but for plea counsel's ineffectiveness he would not have pleaded guilty, but would have insisted on going to trial—and that without such an allegation, his claim was not cognizable under Rule 24.035. In his Motion for Rehearing or Transfer to Missouri Supreme Court, Movant asserts: "The Court and counsel [1] overlooked a decision of the Missouri Supreme Court that squarely addresses this issue and requires reversal." He claims that our "opinion conflicts with *Dobbins v. State*, 187 S.W.3d 865 (Mo. banc 2006), which controls and is directly contrary to this Court's holding."

Dobbins, charged with possession with intent to distribute and two traffic offenses, rejected a proposed plea agreement calling for ten years' imprisonment

we held that "Rule 29.15 affords movant no basis for relief from movant's decision not to plead guilty." *Id.* at 511. In *Bryan*, movant claimed that his trial counsel was ineffective by failing to give him adequate advice about his case, to his prejudice, by causing him to reject a plea offer more favorable than the sentences he eventually received after trial. *Bryan*, 134 S.W.3d at 801. After a thorough examination of *Strickland, supra*, and *Rowland, supra*, we affirmed the motion court's denial of his Rule 29.15 motion without an evidentiary hearing, holding that "[a]bsent a factual allegation by Bryan articulating how the trial he received was rendered unfair by trial counsel's conduct, this aspect of his ineffective assistance claim presents nothing for us to review." *Id.* at 802. Thus, the foundation for a relationship between the prejudice required for a Rule 29.15 motion and that required for a Rule 24.035 motion is the defendant's right to a fair trial. In the context of a Rule 29.15 motion, the inquiry is whether, but for trial counsel's alleged ineffective-

ness, the movant actually received a fair trial. In the context of a Rule 24.035 motion, the inquiry is whether, but for plea counsel's alleged ineffectiveness, the movant would have insisted upon receiving a fair trial. Given that "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result[,]" *Strickland*, 466 U.S. at 686, 104 S.Ct. 2052, we believe that our decisions in *Rowland* and *Bryan*, although not controlling, are in harmony with and lend support to our decision in the case at bar.

1. Movant did not mention this case in either his initial brief or his reply brief. For this reason, and because suggestions in opposition to a post-disposition motion are not allowed in the absence of a request by the Court, we requested, pursuant to Rule 84.17(c), that the State file suggestions in opposition. The State did not timely file such suggestions.

on the possession charge and the dismissal of one charge, and instead, entered an "open" plea of guilty. *Id.* at 866. "He relied on his attorney's advice that, whatever sentence he received, he would be eligible to petition for early release pursuant to section 558.046 upon completion of a detoxification and rehabilitation program." *Id.* With a range of punishment of ten to thirty years, the trial court imposed an eighteen-year sentence on the possession charge. *Id.* Dobbins, learning that he was not eligible to petition for early release, filed his Rule 24.035 motion for post-conviction relief, alleging that his plea counsel had affirmatively misled him as to such eligibility. *Id.* The motion court denied Dobbins' motion, and on appeal, the Missouri Supreme Court found that "counsel was ineffective in affirmatively misleading Dobbins as to the applicability of section 558.046 and that this ineffectiveness prejudiced him." *Id.*

The only discussion by the Supreme Court of the prejudice prong of Dobbins' ineffectiveness claim occurs in the very last paragraph of the opinion wherein the court stated:

> Counsel's ineffectiveness must be joined with prejudice to afford Dobbins relief. In this case, Dobbins was prejudiced because he rejected an offer to plead to a charge resulting in a 10–year sentence. If he had known he was not able to challenge the sentence, he would not have entered an open plea, but would have accepted the offer, which matched the lowest sentence he could have received under the open plea agreement. Moreover, the facts relating to Dobbins' understanding of the plea and his agreement that no one had promised leniency for the plea are irrelevant. It was not the sentence to be imposed that concerned Dobbins—it was his eligibility for sentence reduction as to any sentence that was imposed. His attorney's affirmative misrepresentation as to his ability to challenge the sentence prejudiced Dobbins by causing him to plead guilty when he otherwise would not have done so.

*Id.* at 867.

The concept that Dobbins was prejudiced by rejecting the ten-year offer, as mentioned in the second sentence, is not contrary with our holding in the instant case. We do not question that Movant in the case at bar was prejudiced by not accepting the more favorable plea offer. We simply held that this prejudice was not the kind of prejudice which supports a constitutional claim of ineffective assistance of plea counsel, as required by *Hill v. Lockhart*, 474 U.S. 52, 58–59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). However, Movant focuses upon this paragraph to support his contention that our Supreme Court has "squarely address[ed] this issue" and has broadened and enlarged the kind of prejudice that will support such a claim. We disagree.

The Missouri Supreme Court adopted the *Hill* standard for the prejudice prong of an ineffectiveness claim on a plea of guilty in *Hagan v. State*, 836 S.W.2d 459, 463–64 (Mo. banc 1992) (questioned on other grounds by *State v. Heslop*, 842 S.W.2d 72, 75 (Mo. banc 1992)). The Supreme Court has applied this standard in *State v. Nunley*, 980 S.W.2d 290, 292 (Mo. banc 1998); *State v. Roll*, 942 S.W.2d 370, 374 (Mo. banc 1997); and *Coates v. State*, 939 S.W.2d 912, 914 (Mo. banc 1997). It is difficult, if not impossible, for us to believe that our Supreme Court would purport to change such a well-established and entrenched standard without any significant discussion and without any citation to relevant authority.

When we closely examine the entire one-paragraph prejudice discussion in *Dobbins,*

we are convinced that the Supreme Court actually applied the *Hill* standard in determining the prejudice prong of Dobbins' ineffectiveness claim. The second to last sentence states: "It was not the sentence to be imposed that concerned Dobbins—it was his eligibility for sentence reduction as to *any* sentence that was imposed." *Dobbins,* 187 S.W.3d at 867 (emphasis added). Dobbins' concern would apply to any sentence imposed under any guilty plea, even one pursuant to the more favorable plea agreement. While the opinion does not disclose whether or not Dobbins pleaded and proved that, but for the affirmative misadvice of his plea counsel, he would not have pleaded guilty but would have insisted on going to trial, as required by *Hill,* the last sentence in the paragraph supports that he did so. In that sentence, the Court summarized its decision as: "His attorney's affirmative misrepresentation as to his ability to challenge the sentence prejudiced Dobbins by causing him to plead guilty *when he otherwise would not have done so." Id.* (emphasis added). This sentence clearly states that, but for the ineffectiveness of plea counsel, Dobbins would not have pleaded guilty. By implication, the only alternative to not pleading guilty is to go to trial. Thus, the Court applied the *Hill* standard without citation. As such, our holding in the case at bar is not contrary to *Dobbins.*

For the above reasons, we deny the Movant's Motion for Rehearing and Motion to Transfer to the Missouri Supreme Court.