**Jarrid BERRY, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. ED 95082.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 1, 2011.

Brocca L. Smith, Assistant Public Defender, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

GEORGE W. DRAPER III, Judge.

Jarrid Berry (hereinafter, "Movant") appeals the denial of his Rule 24.035 post-conviction motion without an evidentiary hearing. Movant pleaded guilty to one count of first degree robbery, Section

569.020 RSMo (2000),[1] two counts of armed criminal action, Section 571.015, and one count of attempted first degree robbery, Section 564.011. Movant was sentenced to a total term of twelve years' imprisonment, to run concurrently. Movant filed a timely motion for post-conviction relief pursuant to Rule 24.035, which the motion court denied without a hearing. Movant raises one point on appeal, claiming he received ineffective assistance of counsel when defense counsel advised him to reject the State's original plea offer, which would have resulted in a lesser sentence than he received when he subsequently pleaded guilty. We affirm.

The State charged Movant with one count of first degree robbery, one count of attempted first degree robbery, and two corresponding counts of armed criminal action. Movant decided to plead guilty while a jury panel was being convened on the morning of trial. During the guilty plea hearing, Movant testified he and defense counsel "very thoroughly" discussed waiving his right to a jury trial and what his defenses would be if he went to trial. Defense counsel indicated Movant was entering a blind plea and the plea court explained to Movant what this meant. Movant denied any promises or threats were made in order to persuade him to plead guilty and he was satisfied with defense counsel's actions.

The State explained the range of punishment for the offenses and that Movant would have to serve eighty-five percent of his sentence. The plea court repeated the range of punishment for each offense to Movant, who indicated he understood. The State then gave its recommendation:

[The State]: [P]ursuant to plea negotiations with [defense counsel], the State believes that 12 years in the Missouri Department of Corrections is an appropriate disposition for both the robbery, the armed criminal action, and the attempted robbery.

[Defense counsel]: Judge, I would note previous to [the prosecutor's] entry as attorney of record, he had a predecessor who is no longer with the office, and I think we made a brief record on this last week, that previously about 18 months ago there was an offer.... At that time the offer was 10 years on a reduced charge of robbery-second degree concurrent with seven years on the probation revocation. We made a record. That offer was rejected. [The prosecutor] took the case over from his predecessor, I think partially due to the fact he found the one victim in Louisiana who my understanding is the previous attorney was not able to find.

Defense counsel asked the plea court to consider the full range of options available for Movant at sentencing, including the State's current recommendation and the State's recommendation in the past. The State confirmed that the first offer had been rejected, and was tendered only because one of the victims left the area after the crime and could not be located. The witness had since been located and now was available to testify at trial. After hearing both recommendations, the plea court accepted Movant's guilty plea.

At sentencing, the plea court asked the State to review the range of punishment for each offense. After doing so, the State recommended a twelve year sentence on the first degree robbery charge and asked that all sentences be ordered to run consecutively. Defense counsel requested a ten year suspended execution of sentence on the robbery charge along with five years' probation, three years' imprison-

---

1. All statutory references are to RSMo (2000) unless otherwise indicated.

ment on each armed criminal action charge, and five years' imprisonment on the attempted robbery, all to run concurrently. The plea court noted Movant's prior convictions, his probation violation, his absconding from electronic monitoring, and his heavy alcohol and drug abuse. The plea court then sentenced Movant to twelve years' imprisonment for first degree robbery, three years' imprisonment on each armed criminal action charge, and five years' imprisonment for attempted robbery, to run concurrently.

Movant filed a timely *pro se* Rule 24.035 motion for post-conviction relief. Appointed counsel filed a timely amended motion. In the amended motion, Movant alleged he received ineffective assistance of counsel when defense counsel advised him to reject the State's first plea offer of ten years' incarceration on an amended charge of second degree robbery, thereby causing the offer to be rescinded, forcing Movant to eventually plead blind to first degree robbery and receive a sentence of twelve years' incarceration. Movant admits he met with defense counsel prior to his guilty plea and was apprised of the State's offer, but was advised to reject the offer in favor of a trial or a better offer. Movant relied on this advice in rejecting the offer. The offer was rescinded when a new prosecutor was assigned to the case. Movant alleged he was prejudiced by defense counsel's ineffectiveness because had counsel accurately conveyed to him the benefits of the first offer, he would have timely accepted it and pleaded guilty under that agreement. Instead, Movant pleaded guilty to first degree robbery and must serve eighty-five percent of his time before becoming eligible for parole.

The motion court denied Movant's claim without an evidentiary hearing. The motion court determined Movant's plea was knowing and voluntary in that he was aware of the range of punishment, the fact that he was pleading blind, that the sentencing determination would rest with the plea court, and the plea court would take into account the recommendation made by the Department of Corrections. Moreover, the motion court noted defense counsel advised Movant and the plea court about the State's first offer, but Movant did not claim defense counsel provided him any misinformation upon which he relied, such as ranges of punishment. Rather, the motion court found the State's first offer "had been based in part on the inability to locate one of the victims ..." and "the lack of availability of a witness ... would also be a relevant factor in an attorney's advice whether to plead guilty." Movant now appeals.

■ Appellate review is limited to determining whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k); *Soto v. State*, 226 S.W.3d 164, 166 (Mo. banc 2007); *Carter v. State*, 215 S.W.3d 206, 208 (Mo.App. E.D.2006). The motion court's findings and conclusions are clearly erroneous if, after reviewing the entire record, this Court is left with the definite and firm impression that a mistake has been made. *Adams v. State*, 210 S.W.3d 387, 389 (Mo.App. E.D. 2006).

■ A movant is entitled to an evidentiary hearing on a motion for post-conviction relief only if: (1) he or she alleges facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of prejudiced the movant. *Yates v. State*, 158 S.W.3d 798, 803 (Mo.App. E.D. 2005). If an examination of the guilty plea proceedings directly refute allegations that the movant's plea was involuntary, then the movant is not entitled to an evidentiary hearing. *Id.*

When pleading guilty, a movant waives any claim that defense counsel was ineffective except to the extent that counsel's conduct affected the voluntariness and knowledge with which the plea was made. *Worthington v. State,* 166 S.W.3d 566, 573 (Mo. banc 2005). "To prevail on a claim of ineffective assistance of plea counsel, a movant must show that (1) counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and (2) counsel's deficient performance prejudiced the movant." *Burnett v. State,* 311 S.W.3d 810, 817 (Mo. App. E.D.2009); *State v. Nunley,* 980 S.W.2d 290, 292 (Mo. banc 1998). A movant who has pleaded guilty establishes prejudice by demonstrating that but for defense counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Johnson v. State,* 318 S.W.3d 313, 317 (Mo.App. E.D.2010).

In his sole point on appeal, Movant claims he received ineffective assistance of counsel when defense counsel advised him to reject the first plea offer of ten years' imprisonment on an amended charge of second degree robbery, thereby causing the offer to be rescinded. Movant claims he had to enter a blind plea to first degree robbery which resulted in a sentence of twelve years' imprisonment as a result. Movant argues he was prejudiced because had defense counsel accurately conveyed to him the benefits of the proposed ten-year sentence on the amended charge, he would have accepted the State's offer and pleaded guilty under that agreement. Movant does not allege his plea was unknowing, unintelligent, or involuntary, nor does he allege he would have gone to trial instead of pleading guilty.

Movant cites this Court to several cases from other jurisdictions to support his ar-

gument. In response, the State acknowledges these cases and directs us to *Frye v. State,* 311 S.W.3d 350 (Mo.App. W.D.2010), where the movant made an analogous argument to the issue raised here. The State requests we reconsider the validity of *Frye* and decline to follow it.

In *Frye,* defense counsel failed to inform the movant of a plea offer made by the State, which would have permitted him to plead to an amended misdemeanor charge of driving while revoked instead of going to trial on a felony driving while revoked charge. *Frye,* 311 S.W.3d at 351. The movant later entered an open plea to the felony charge and was sentenced to three years' incarceration. In his Rule 24.035 motion, the movant alleged defense counsel was ineffective for failing to communicate the State's plea offer. *Id.* at 352. The movant argued had he known of the State's offer, he would have pleaded to the misdemeanor charge. *Id.* at 353.

The Western District determined defense counsel was ineffective for failing to convey the State's plea offer to the movant, finding no reasonable trial strategy would justify the withholding of this information. *Id.* at 354. Moreover, the Court rejected the State's argument that the movant's failure to allege he would have insisted on going to trial but for defense counsel's deficiency did not establish prejudice as a matter of law. *Id.* at 357. Holding that the movant established prejudice, the Court stated:

> *Hill* thus acknowledges that the *Strickland* inquiry for "prejudice" necessarily depends on the specific evidence and circumstances surrounding the claimed error. It follows, therefore, that the determinative factors for evaluating whether counsel's ineffectiveness is prejudicial must be based on the specific facts and circumstances of the case. Reliance on *Hill's* "template"

that a defendant must contend that "but for" counsel's ineffective assistance the defendant would have insisted on going to trial as determinative of whether a defendant can establish prejudice completely ignores *Strickland's* looser emphasis on whether a defendant can establish "an adverse effect on the defense." We conclude that though prejudice may, and often will, be established by a defendant's showing that "but for" counsel's ineffective assistance, the defendant would not have pled guilty and would have insisted on going to trial, this is not the only way prejudice can be established. According to *Strickland*, the test of prejudice is whether "the result of the proceeding would have been different." *Id.* at 358 (citations omitted).

*Frye* relied upon *Dobbins v. State*, 187 S.W.3d 865 (Mo. banc 2006), to support this approach to establishing prejudice. In *Dobbins*, the parties negotiated a plea bargain which called for ten years' imprisonment and dismissal of one of the charges. The movant rejected the offer, and subsequently entered into an open plea. The movant relied upon defense counsel's advice that whatever sentence he received, he would be eligible to petition for early release pursuant to the statutes applicable to his case. As a result of the open plea, the trial court sentenced the movant to eighteen years' imprisonment. The movant later learned he was not eligible to petition for early release and filed a Rule 24.035 motion, alleging he received ineffective assistance of counsel when defense counsel affirmatively misled him as to his eligibility. *Dobbins*, 187 S.W.3d at 866. The Missouri Supreme Court agreed, finding this affirmative misrepresentation constituted ineffective assistance of counsel and the movant was prejudiced as a result. *Id.* The Court determined if the movant had known he would be ineligible

to challenge his sentence, he would not have entered the open plea, but would have accepted the offer. *Id.* at 867. In finding the movant suffered prejudice, the Court explained:

> In this case, Dobbins was prejudiced because he rejected an offer to plead to a charge resulting in a 10–year sentence. If he had known he was not able to challenge the sentence, he would not have entered an open plea, but would have accepted the offer, which matched the lowest sentence he could have received under the open plea agreement. Moreover, the facts relating to Dobbins' understanding of the plea and his agreement that no one had promised leniency for the plea are irrelevant. It was not the sentence to be imposed that concerned Dobbins—it was his eligibility for sentence reduction as to any sentence that was imposed. His attorney's affirmative misrepresentation as to his ability to challenge the sentence prejudiced Dobbins by causing him to plead guilty when he otherwise would not have done so.

*Id.* at 867.

When reading this passage as a whole, the *Frye* court found "it is apparent the Supreme Court did not employ the narrow *Hill* 'but for' test to find prejudice." *Frye*, 311 S.W.3d at 358. *Frye* also rejected the reasoning in *Beach v. State*, 220 S.W.3d 360 (Mo.App. S.D.2007). In *Beach*, the movant entered a guilty plea for first degree robbery pursuant to a plea agreement with the State. Nothing in the plea agreement restricted either party from arguing for, or the court from imposing, any sentence within the range of punishment. During sentencing, the State recommended a twenty-five year sentence and defense counsel argued for a seventeen to twenty-year sentence with probation, a

condition which would require the movant to complete Teen Challenge, an alternative program. *Id.* at 361. The plea court rejected both recommendations, sentenced the movant to twenty years' imprisonment, and denied probation. The movant filed a Rule 24.035 motion, alleging that his guilty plea was involuntary and unknowing because defense counsel misled him into rejecting a previous fifteen-year plea offer by erroneously advising him that he was a good candidate for Teen Challenge. *Id.* The movant argued he was prejudiced by this advice because had he been properly advised, he would have accepted the previous plea offer. *Id.* at 362.

The movant's claim was denied without an evidentiary hearing and affirmed on appeal. *Id.* at 361. The Southern District found the movant's conviction was not a result of a violation of his constitutional right to effective assistance of counsel and was not cognizable under Rule 24.035. *Id.* at 364. The Court stated, "We do not question that Movant in the case at bar was prejudiced by not accepting the more favorable plea offer. We simply [hold] that this prejudice was not the kind of prejudice which supports a constitutional claim of ineffective assistance of plea counsel, as required by *Hill v. Lockhart* ...." *Id.* at 367 (citation omitted). The movant argued in his motion for rehearing that the Southern District's holding was directly contrary to the holding in *Dobbins,* which the movant argued broadened and enlarged the kind of prejudice that will support such a claim. *Id.*

When examining the same paragraph from *Dobbins* relied upon in *Frye,* the Southern District came to a different conclusion, explaining:

When we closely examine the entire one-paragraph prejudice discussion in *Dobbins,* we are convinced that the Supreme Court actually applied the *Hill* standard

in determining the prejudice prong of Dobbins' ineffectiveness claim. The second to last sentence states: 'It was not the sentence to be imposed that concerned Dobbins—it was his eligibility for sentence reduction as to *any* sentence that was imposed.' Dobbins' concern would apply to any sentence imposed under any guilty plea, even one pursuant to the more favorable plea agreement. While the opinion does not disclose whether or not Dobbins pleaded and proved that, but for the affirmative misadvice of his plea counsel, he would not have pleaded guilty but would have insisted on going to trial, as required by *Hill,* the last sentence in the paragraph supports that he did so. In that sentence, the Court summarized its decision as: 'His attorney's affirmative misrepresentation as to his ability to challenge the sentence prejudiced Dobbins by causing him to plead guilty *when he otherwise would not have done so.'* This sentence clearly states that, but for the ineffectiveness of plea counsel, Dobbins would not have pleaded guilty. By implication, the only alternative to not pleading guilty is to go to trial. Thus, the Court applied the *Hill* standard without citation. As such, our holding in the case at bar is not contrary to *Dobbins.*

*Id.* at 367–68 (internal citations omitted).

The *Frye* court opined the Southern District's reading of one sentence from *Dobbins* was taken out of context and ignored the balance of the decision. *Frye,* 311 S.W.3d at 358. It explained the Southern District's interpretation would leave a movant without recourse even if the movant had clearly established but for defense counsel's errors, the outcome of the proceeding would have been different. *Id.* After rejecting *Beach,* the *Frye* court concluded, "Our court does not construe

*Hill* to bar other means of establishing prejudice when insisting on going to trial cannot possibly remediate ineffective assistance that has affected the outcome of the proceeding." *Id.*

Thus, it is apparent there is a conflict between *Frye* and *Beach* with respect to their interpretation of *Dobbins* as it relates to a movant's ability to demonstrate prejudice in the absence of claiming but for defense counsel's errors, he or she would have opted to go to trial. The State urges us to reject the reasoning in *Frye* because it believes *Frye* has failed to follow controlling precedent and effectively expands the right to effective assistance of counsel beyond its constitutional basis. While we can appreciate the gravitas of the State's argument, and its urging that we reconsider the holding in *Frye,* we decline to do so.[2]

In the case at bar, defense counsel's advice that Movant reject the State's first plea offer did not fall below an objective standard of reasonableness because the absence of a critical prosecutorial witness would be a relevant factor an attorney would consider when advising his or her client whether to plead guilty. Movant's amended motion also fails to allege facts supporting his claim that defense counsel was ineffective. Movant admitted defense counsel conveyed the State's offer, in contrast to the movant in *Frye.* Movant was well-informed that he would not be eligible for a sentence reduction, in contrast to the movant in *Dobbins.* Moreover, Movant did not allege he was misinformed about the plea offer or its conditions, in contrast to the movant in *Beach.* Movant does not set forth any factual support regarding what defense counsel said or failed to say with respect to the first plea offer when advising Movant to reject it. Rather, Movant makes conclusory statements that defense counsel did not accurately convey the benefits of the offer, without explaining what was inaccurate about the advice. Mere conclusory statements are insufficient to support the grant of an evidentiary hearing. *See Thurman v. State,* 263 S.W.3d 744, 754 (Mo.App. E.D.2008).

Thus, we hold defense counsel's advice that Movant reject the State's first plea offer in light of the absence of one of the victims did not constitute ineffective assistance of counsel. If the movant cannot show either a deficient performance or prejudice, then we need not consider both, and the movant's claim of ineffective assistance of counsel must fail. *Davidson v. State,* 308 S.W.3d 311, 316 (Mo.App. E.D. 2010). Hence, we need not examine Movant's prejudice argument or the application of *Dobbins, Beach* or *Frye* to the facts of this case. The motion court did not err in denying Movant's claim for post-conviction relief without an evidentiary hearing. Movant's point is denied.

The motion court's judgment is affirmed.

GLENN A. NORTON, P.J. and KATHIANNE KNAUP CRANE, J., concur.

---

2. While we decline to resolve this issue, it will not go unexamined. The United States Supreme Court has since granted the State's petition for writ of certiorari to hear the issues regarding the constitutional implications of the *Frye* decision. *Frye v. State,* 311 S.W.3d 350 (Mo.App. W.D.2010), *cert. granted,* — U.S. —, 131 S.Ct. 856, 178 L.Ed.2d 622 (2011).