**Shawn William BRANTLEY, a/k/a Sean William Brantley, Movant–Appellant,**

v.

**STATE of Missouri, Respondent– Respondent.**

**No. SD 30868.**

Missouri Court of Appeals, Southern District, Division One.

Aug. 2, 2011.

Motion for Rehearing or Transfer Denied Aug. 23, 2011.

---

Craig A. Johnston, Columbia, for Appellant.

Chris Koster, Atty. General, Shaun J. Mackelprang, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Shawn William Brantley, a/k/a Sean William Brantley ("Movant") appeals from the motion court's denial of his motion for post-conviction relief pursuant to Rule 24.035.[1] Movant claims plea counsel was ineffective in failing to provide him with discovery in time for him to make a knowing and intelligent decision to plead guilty to a single count of a three-count information pursuant to a plea offer that subsequently was withdrawn, and that ineffectiveness prejudiced him when he subsequently waived his right to a trial and pled guilty to two counts of the three-count information pursuant to a later and less favorable plea offer. Following an evidentiary hearing, the trial court concluded that the prejudice attributable to pleading guilty pursuant to a less favorable plea agreement is not cognizable prejudice under Rule 24.035 and cited our opinion in *Beach v. State*, 220 S.W.3d 360 (Mo.App. S.D.2007). We affirm the trial court's judgment because we believe our opinion in *Beach* correctly states the law, and controls the outcome in this case.

### Facts and Procedural History

In February 2007, Movant was charged in a three-count information. Count One charged Movant with assault in the first degree, Count Two charged Movant with burglary in the first degree, and Count Three charged Movant with armed criminal action.

Movant was scheduled for trial by jury on these charges on September 4, 2007. On that date, Movant, through plea counsel, indicated to the plea court that he wanted to enter a plea of guilty to Count One pursuant to an open plea agreement with the understanding that Counts Two and Three would be dismissed upon the plea court's acceptance of the guilty plea. After a lengthy discussion with the plea court about the plea, a factual basis for the plea, the rights Movant would be waiving by pleading guilty, and the fact the court would make the final determination of the sentence, Movant asked if he could "go back to the holding cell for a little bit and think about it?" About seven hours later, the plea court reconvened and Movant stated he "want[ed] to take it to trial." The plea court then granted plea counsel's request for a continuance of trial.

Subsequently, on February 1, 2008, Movant pled guilty to Counts One and Two pursuant to an open plea agreement with the understanding that Count Three would be dismissed and the prosecutor would recommend concurrent sentences. On March 11, 2008, the plea court sentenced Movant to imprisonment for twenty-two years on Count One and fifteen years on Count Two with the sentences to run concurrently.

Movant did not appeal, but filed a post-conviction motion on May 7, 2008. Counsel was appointed to represent Movant, and filed an amended post-conviction motion on October 16, 2009. The amended motion claimed plea counsel was ineffective in failing to provide Movant with discovery in time for him to make a knowing and intelligent decision to plead guilty to a single count of the three-count information on September 4, 2007, and that ineffectiveness prejudiced him when he subsequently waived his right to a trial and pled guilty to two counts of the three-count information on February 1, 2008.

Following an evidentiary hearing on March 10, 2010, and argument on March 10 and May 12, 2010, the motion court entered a written order on July 26, 2010,

1. All rule references are to Missouri Court Rules (2011), unless otherwise specified.

that denied Movant's motion on the following grounds:

3. This Court concludes that based upon the allegations contained in Movant's Motion and Movant's testimony at his PCR hearing that Movant would have and did waive his constitutional right to a trial knowing that the alleged plea offer of 10 years was no longer a viable plea offer when he pled guilty on February 1, 2008.

4. Therefore this Court concludes based upon the allegations contained in Movant's Motion and based upon his testimony at the PCR hearing, that Movant's conviction is not a result of the violation of Movant's constitutional right to effective assistance of counsel and is not cognizable under Rule 24.035 pursuant to the holding of the Southern District Court in *Beach v. State of Missouri.* The Movant has failed to prove facts which demonstrate that there is a reasonable probability but for his plea counsel's alleged error he would not have entered a plea of guilty and would have insisted on going to trial as required by the Strickland/Hill test which has been adopted by the Southern District Court.

5. As in *Beach,* this Court does not question that Movant in the present case was prejudiced by not accepting the first plea which would have only required him to plead guilty to Count I and not Count II. However, by following the Southern District's ruling in *Beach,* the Court concludes that this prejudice is not the kind of prejudice which supports the constitutional claim of ineffective assistance of

counsel as required by *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). Movant's claim for ineffective assistance of counsel is not cognizable under Rule 24.035.[2]

## Standard of Review

■ Our review of a denial of a post-conviction motion under Rule 24.035 is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Conley v. State,* 301 S.W.3d 84, 87 (Mo.App. S.D.2010). "The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression a mistake has been made." *Conley,* 301 S.W.3d at 87. The burden is on Movant to show by a preponderance of the evidence that the motion court clearly erred in its ruling. Rule 24.035(i); *Conley,* 301 S.W.3d at 87.

■ Determinations concerning credibility are exclusively for the motion court. *Mendez v. State,* 180 S.W.3d 75, 80 (Mo. App. S.D.2005). The motion court is free to believe or disbelieve any evidence, whether contradicted or undisputed, *Id.,* and we defer to the credibility determinations of the motion court. *Conley,* 301 S.W.3d at 90.

## Analysis

■ To prevail on a claim of ineffective assistance of counsel, a movant must show counsel's representation fell below an objective standard of reasonableness and that, as a result, movant was prejudiced.

2. The motion court did not expressly rule on Movant's claim that plea counsel's performance in not providing him a copy of discovery timely before the first plea offer was constitutionally unreasonable. The motion court did expressly reject Movant's alternative factual assertion that the first plea offer was for ten

years on Count One by including a finding of fact that "[t]he Court finds that there is no credible evidence that Movant was ever conveyed an offer of 10 years as to Count I." Movant abandoned this alternative factual assertion during argument on May 12, 2010.

*Chaney v. State,* 223 S.W.3d 200, 206 (Mo. App. S.D.2007). In a case where a movant has entered a guilty plea, "prejudice" requires that movant show a reasonable probability he would not have pleaded guilty and would have insisted on going to trial, but for plea counsel's alleged, constitutionally unreasonable conduct. *Beach,* 220 S.W.3d at 363. " 'If either the performance or the prejudice prong of the test is not met, then we need not consider the other, and Movant's claim of ineffective assistance of counsel must fail.' " *Chaney v. State,* 223 S.W.3d at 206 (quoting *Patrick v. State,* 160 S.W.3d 452, 455 (Mo.App. S.D.2005)). "Where, as here, there is a negotiated plea of guilty, a claim of ineffective assistance of counsel is immaterial except to the extent it impinges upon the voluntariness and knowledge with which the guilty plea was made." *Id.* (internal quotation omitted). "Movant bears the burden of proving his post-conviction claims, including a claim of ineffective assistance of counsel, by a preponderance of the evidence." *Id.*

■ The motion court concluded that Movant failed to prove there was a reasonable probability he would have not pled guilty and insisted on going to trial but for plea counsel's alleged failure to provide him with a copy of discovery timely before the first plea offer. Movant does not dispute the factual accuracy of this conclusion, but argues that prejudice requires proof of a reasonable probability not that Movant would have not pled guilty and insisted on going to trial, but rather only that the result of the proceeding would have been different.

We disagree because we believe our opinion in *Beach* correctly states the law and controls the outcome in this case. Even if true, the fact Movant pled guilty to two counts rather than only one count because he had inadequate knowledge of the discovery in his case to permit him to make a knowing and intelligent decision to accept the first plea offer before it was withdrawn does not establish "prejudice" cognizable under Rule 24.035. In essence, Movant is arguing that his trial counsel was ineffective for not being more persuasive in recommending the first plea offer. We decline to expand a Rule 24.035 claim to such lengths.

The Western District has questioned the correctness of our opinion in *Beach* in *Frye v. State,* 311 S.W.3d 350 (Mo.App. W.D.2010). In *Frye,* the Western District stated "[o]ur court does not construe *Hill* to bar other means of establishing prejudice when insisting on going to trial cannot possibly remediate ineffective assistance that has affected the outcome of the proceeding." *Id.* at 358. We note that the United States Supreme Court recently has granted the State's petition for writ of certiorari in *Frye,* and that the United States, and Connecticut and twenty-eight other states have filed briefs in support of the State. Until *Beach* is overruled by the Missouri Supreme Court or the United States Supreme Court, we intend to follow *Beach.*

The judgment of the motion court is affirmed.[3]

BURRELL, C.J., P.J., LYNCH, J., concur.

---

3. In the event the motion court's judgment is reversed on further review of this appeal by the Missouri or United States Supreme Court, we believe that the case should be remanded

to the motion court for the motion court to determine whether plea counsel's performance was constitutionally unreasonable. The motion court did not expressly determine that issue, and, based on the record, we question whether plea counsel was ineffective as alleged by Movant. A remand to the motion court for further findings of fact and conclusions of law normally is appropriate where the motion court has failed to make findings of fact that are necessary to allow meaningful appellate review. *See* Rule 24.0350; *Burgess v. State*, 342 S.W.3d 325, 328–29 (Mo. banc 2011); and *Rebstock v. State*, 315 S.W.3d 371, 373–74 (Mo.App. S.D.2010).